# DORR v. SIMERSON.

1. **Surface-water:** DIVERSION BY DITCHES: NO DAMAGE TO OWNER OF LAND BELOW. Where the owner of land collects the surface-water on his land by means of ditches, but does not thereby discharge the water upon the land below him at a different place or in a greater quantity than before the ditches were made, the owner of the lower land cannot be damaged either in his land or his crops, and hence cannot recover.

2. **Instructions:** REFERRING JURY TO PLEADINGS: ISSUES OTHERWISE FULLY STATED. Where the court in the instructions stated that the pleadings would be submitted to the jury, and directed that they should read them, *held* that there was no prejudicial error in this, where the court in other instructions correctly stated what it was necessary for the plaintiff to prove under the issues in order to entitle him to recover. (Compare *Fannon v. Robinson*, 10 Iowa, 272.)

3. ————: PART OF CLAIM OMITTED: ERROR CURED BY VERDICT. A failure to present to the jury in the instructions one of the elements of damage, as claimed by plaintiff, is no ground for reversal. where the facts found by the jury on the issues properly presented to them were such as necessarily to negative any claim for damages on the ground omitted by the court. (See opinion for illustration.)

| 73 | 89 |
|---|---|
| 91 | 295 |
| 73 | 89 |
| 93 | 661 |
| 73 | 89 |
| 97 | 364 |
| 73 | 89 |
| 111 | 114 |
| 73 | 89 |
| 117 | 899 |
| 73 | 89 |
| 124 | 680 |
| 73 | 89 |
| 126 | 743 |
| 73 | 89 |
| 127 | 534 |
| 127 | 552 |
| 73 | 89 |
| 130 | 193 |
| 73 | 89 |
| 131 | 92 |

**4. Evidence:** IMPROPER ADMISSION: ERROR CURED BY INSTRUCTION. The admission of incompetent evidence is no ground for reversal, where the instructions of the court are such as to take away from the party offering it all possible advantage which he might have gained from its introduction. (See opinion for illustration.)

*Appeal from Wright District Court.*

MONDAY, OCTOBER 24.

THE plaintiff and the defendant are owners of adjoining farms. The plaintiff seeks in this action to recover damages of the defendant for making certain ditches upon his (defendant's) land, whereby the water from certain ponds was discharged upon the plaintiff's farm, to his injury. He also demands that the plaintiff be enjoined from continuing to collect water by ditches, and running the same upon plaintiff's land. The defendant, in his answer, denied the allegations of the petition. There was a trial by jury and a verdict and judgment for the defendant. Plaintiff appeals.

*Nagle & Birdsall,* for appellant.

*A. R. Ladd,* for appellee.

ROTHROCK, J.—I. By the finding of the jury, and the judgment of the court thereon, it was determined that the acts

1. SURFACE- WATER: diversion by ditches: no damage to owner of land below.

of the defendant were no injury to the land of the plaintiff. This disposition of the case, so far as the abstract question is involved, was fully warranted by the evidence. It appeared that the defendant did not, by the ditches he made, collect the water from the ponds on his land, and cause it to be discharged in a different place on the plaintiff's land from where the overflow from the ponds and the natural drainage was discharged before the ditches were made. The plaintiff's land is lower than the defendant's, and after the ditches were constructed the water ran from defendant's land over the low or bottom land on plaintiff's farm, the same as it did before. And a number of witnesses testified that the discharge of water was

no greater after the ditches were made than before. This disposes of the appeal, so far as the question of evidence is involved.

II. But counsel for plaintiff insist that the court erred in rulings upon the admission and exclusion of evidence, and

2. INSTRUCTIONS: referring jury to pleadings: issues otherwise fully stated.

in certain instructions given to the jury. The first of these complaints is that the court erred in referring the jury to the pleadings to determine the issues. The instruction complained of is as follows: "The plaintiff alleges his cause of action in the form of two counts, but which in fact constitute but one cause of action, and might have been stated in but one. The petition will be submitted to you with these instructions and reads as follows: [Here read the petition.] The defendant's answer will also be submitted with these instructions to you: [Here read the answer.]" It is probable, if the court had made no further statement of the issues than his first instruction, there would be an insufficient statement of the issues, as held in *Fitzgerald v. McCarty*, 55 Iowa, 702, and other cases. But it is not error to allow the jury to take the pleadings with them to the jury-room. We believe such has always been the practice in this state; and immediately after the instruction above set out the court charged the jury as follows: "Under the issues in this case, as made by the pleadings, before the plaintiff can recover, the following material facts must be proved by a preponderance of the evidence: (1) That defendant by artificial drains or ditches so changed the natural flow of the waters from defendant's land, above, to and upon or over, the lower land of plaintiff as to cause the water to flow in larger quantities, or more rapidly, than it would have done but for such changes, to the injury of plaintiff's land. (2) The amount of damage sustained by plaintiff by reason of such wrongful act or acts of defendant. (2½) If the plaintiff has failed by a preponderance of the evidence to show that defendant did change the course of the water-flow, so as to cause the same to injure plaintiff, either

by increasing the quantity of water flowing on the latter's land, or by increasing its velocity, your verdict must be for the defendant. But if the evidence, by a preponderance, shows that the defendant changed or caused to be changed the flow, and increased the quantity or velocity of water discharged on plaintiff's land, defendant is liable to plaintiff in such sum as the evidence shows his lands were injured by the greater quantity or velocity of the water; or, if the evidence fails to satisfy you what sum he is entitled to, then to nominal damages at least."

It will be observed that these instructions correctly state what it was necessary for the plaintiff to prove under the issues to entitle him to recover. This was as full a statement of the issues as was required. As is said in *Fannon v. Robinson*, 10 Iowa, 272: "There may be cases where a simple instruction will sufficiently present the question to be determined by the jury, without reference to the pleadings or the issues tendered therein." In the case at bar, the jury were plainly directed to the facts necessary to be shown to entitle the plaintiff to recover, and this was sufficient. The reference to the pleadings, or incorporating them in the instructions in the manner adopted by the court, worked no possible prejudice to the plaintiff. It is claimed, however, that instructions 2 and 2½ and 7 limit the plaintiff's right of

3. ———: part recovery to the damage done to the land alone, of claim omitted: error while plaintiff claims for damages done to the cured by verdict. crops. But the plaintiff makes no specific claim for damages to crops. He does not in his petition state any sum in which he was damaged by loss of crops. He stated in one count of the petition that his land and crops were damaged by reason of the acts of the defendant in cutting the ditches. His crops could not be injured by the acts complained of without injury to the land or farm, and his evidence was mainly directed to the injury to the land. The jury must have found that the flow of water on plaintiff's land was not increased by the acts of the defendant. This

was the issue presented by the pleadings, and submitted to the jury by proper instructions. It is very plain that, if there was no injury to the farm, there could be none to the crops grown thereon. The instructions complained of were therefore without prejudice to the plaintiff.

III. It appears from the evidence that there is a public highway on the line between the lands of the plaintiff and defendant. The water from the ditch complained of was discharged into a ditch dug along the highway, and then from the highway ditch on the land of the plaintiff. The defendant was allowed to prove, over the plaintiff's objection, that he cut the highway ditch with the consent of the road supervisors. It is claimed that this was an erroneous ruling,—that the evidence was incompetent and improper. But if this was an error, it was without prejudice, because the court explicitly instructed the jury that the defendant was liable for any injury, notwithstanding the water was discharged on the plaintiff's land through the highway ditch.

*4. EVIDENCE: improper admission: error cured by instruction.*

IV. There are other objections made as to the rulings on the competency of evidence which we do not deem it necessary to set out or discuss in an opinion. A mere statement of them would show that they are not well taken.

AFFIRMED.