## LADD v. OSBORNE *et al.*

1. **Injunction**: TRESPASS: GROUND OF EQUITABLE JURISDICTION. Where defendants falsely claimed that there was a highway across plaintiff's land, and repeatedly tore down his fences and passed over his premises, and threatened to continue to do so, *held* that equity would enjoin the repetition of the trespass, in order to avoid a multiplicity of suits, regardless of the solvency of the defendants, or other grounds of equitable interference. (See opinion for citations.)

2. **Riparian Rights**: GOVERNMENT SURVEYS: MEANDER LINES. In the government survey of lands bounded on one side by water, a meander line is not a boundary line, but is made for the purpose of ascertaining the quantity of land subject to sale in the tract. And where the government plat and field-notes show no reservation of land between the meander line and the water, the title of the patentee extends to the water. (See opinion for citations.)

*Appeal from Greene District Court.* — HON. J. H. MACOMBER, Judge.

FILED, JANUARY 25, 1890.

THIS is an action in equity by which the plaintiff seeks to restrain the defendants from opening fences upon plaintiff's land, and traveling across the same, upon a claim made by the defendants that there is a

public highway over and upon the premises. There was a full hearing upon the merits, and a decree was entered for the plaintiff. Defendants appeal.

*J. A. Gallaher* and *Timothy Brown*, for appellants.

*Head & Smith*, for appellee.

ROTHROCK, C. J.—I. It is averred in the petition that the defendant W. D. Osborne "has unlawfully

1. INJUNCTION: trespass: ground of equitable jurisdiction.

entered upon and travelled over the said premises, * * * and has thrown down, torn out and cut the fences surrounding the described premises belonging to your petitioner herein, although notified repeatedly to desist from so doing; that, in spite of the remonstrations of said plaintiff, the said defendant herein has continued to throw down, tear out and cut said fences, and travel over the said premises, belonging to said plaintiff, and has threatened to commit other and further trespasses on said real estate, and eject your petitioner from a portion thereof, to his annoyance and damage, and to the disturbance of his rights in and to said premises." It is further averred in the petition that the defendant is insolvent, and that the injury which will result from the threatened acts of the defendant will be irreparable. Other persons were made parties defendant to the action by an amendment to the petition, but they were either members of defendant Osborne's family or had no real interest in the controversy. The defense was made by W. D. Osborne alone.

It is claimed that the proof does not establish the fact that the defendant repeatedly opened the fences and traveled across the premises, and that it affirmatively appears that he is not insolvent, and that there is no ground for equitable interference by injunction for what was merely an action at law for trespass. The right to an action in equity, restraining the removal of fences and opening up highways, the cutting down of shade trees, or any other threatened invasion, use or occupation of the land of another, has been too long established in this state to be now called in question. In *City of*

*Council Bluffs v. Stewart*, 51 Iowa, 385, it was said that "courts of equity will, under certain circumstances, interfere by injunction to prevent trespasses upon real estate; but to authorize such interference there must exist some distinct ground of equitable jurisdiction, such as the insolvency of the party sought to be enjoined, the prevention of waste or irreparable injury, or a multiplicity of suits." See, also, *Bolton v. McShane*, 67 Iowa, 207, and cases there cited. In the case at bar the evidence shows that there had been for some time contention between the parties as to whether a public road existed over plaintiff's land. The defendant contended that there was a public highway, and he more than once opened the plaintiff's fences, and traveled over the land, and threatened to continue to do so. The plaintiff was not required to institute an action at law for every act of trespass, but, to avoid a multiplicity of suits, it was his right to have relief in equity by injunction, regardless of whether the defendant was solvent or insolvent.

II. The plaintiff's land is bounded by a meandered body of water called "Goose Lake." The defendant

2. RIPARIAN rights: government surveys: meander lines.

claims that the land was not surveyed to the water's edge, but that when the original government survey was made the meandered line was established some distance from the lake, and that a public road has been established over this strip of land between the plaintiff's premises and the lake; and he claims that the plaintiff has no ground of complaint, because he does not own the land over which the alleged road is located. There was a large number of witnesses examined by the parties upon this question in the case. There was evidence tending to show that a corner of plaintiff's land was established some distance from the shore of the lake, and that the meandered line started from this corner, and there was evidence contradictory to this. The government plat and field-notes show that no reservation of land was made between the meandered line and the water's edge, but that the line intersected the lake. The

meander line is not a line of boundary. It is made for the purpose of ascertaining the quantity of land in the tract bordering on the lake or stream. *Kraut v. Crawford*, 18 Iowa, 549; *Musser v. Hershey*, 42 Iowa, 356. Under the rule of these cases, the plaintiff is a riparian owner, and his land extends to the lake.

III. It is claimed by appellant that there is a highway over the plaintiff's land by prescription. We have given this feature of the case very careful consideration, because we regard it as the only real question in the case. Our conclusion is that no presumptive right had been acquired when this suit was commenced. It would serve no useful purpose to set out the evidence on this branch of the case. It is enough to say that there is no sufficient showing of adverse user of the strip of land in question to authorize a finding that the public acquired a right to the same as a public highway. We discover no sufficient reason for disturbing the decree of the court below.                              AFFIRMED.