HANS EVERSON *vs.* CITY OF WASECA.

August 19, 1890.

U. S. Patent—Land Bounded on Meandered Lake.—A patent from the United States of a surveyed fractional government subdivision, bounded on a meandered lake, conveys the land to the lake, although the meander line of the survey be found to be not coincident with the shore line. The purchaser is not estopped to assert that his title extends to the lake, and beyond the meander line.

Appeal by defendant from an order of the district court for Waseca county, *Buckham,* J., presiding, granting a new trial.

*B. S. Lewis,* for appellant.

*Sawyer, Abbott & Sawyer,* for respondent.

DICKINSON, J. The plaintiff is the owner of a lot and a half of land in the platted city of Waseca, comprising a part of government

lot 2, on the south side of Loon lake. In the making of the government survey this lake was meandered, and this fractional government lot 2 was delineated as lying on the south side of, and as bounded by, the lake. In fact the meander line at this point was run some distance from the shore of the lake, leaving a tract of several acres of dry land between it and the shore. Afterwards the purchaser of government lot 2 platted it into town lots. This platting covered land lying north of the meander line, and between that line and the lake. The plaintiff's lots extend to the north line of the platted lands, and cover a part of the land lying between the meander line and the lake, about one-half of his lots being north of the meander line. This is an action to recover damages for the raising of the waters of the lake, to such an extent as to overflow a part of the plaintiff's land, as platted, lying between the meander line and the lake. The question here presented is whether the purchaser from the government of lot 2 acquired title to the lands beyond the meander line, and to the shore of the lake, or only to the meander line.

We deem it to have been well settled by the decisions of this court, of the supreme court of the United States, and of other states, that under circumstances like those here presented the title of the purchaser from the general government extends to the meandered lake or stream, although the meander line of the survey be found to be not coincident with the shore. *Schurmeier* v. *St. Paul & Pacific R. Co.*, 10 Minn. 59, (82;) *Railroad Co.* v. *Schurmeir*, 7 Wall. 272; *Jefferies* v. *East Omaha Land Co.*, 134 U. S. 178, (10 Sup. Ct. Rep. 518;) *St. Paul, S. & T. F. R. Co.* v. *First Div., etc., R. Co.*, 26 Minn. 31, (1 N. W. Rep. 580;) *Palmer* v. *Dodd*, 64 Mich. 474, (31 N. W. Rep. 209;) *Fuller* v. *Dauphin*, 124 Ill. 542, (16 N. E. Rep. 917;) *Menasha Wooden-Ware Co.* v. *Lawson*, 70 Wis. 600, (36 N. W. Rep. 412,) and cases cited; *Sphung* v. *Moore*, 120 Ind. 352, (22 N. E. Rep. 319.) See, also, decision of secretary of interior in *Hemphill's Case*, in February, 1888, 6 Dec. Dep. Int. 555. The reasons for this are satisfactorily stated in the decisions above cited, and need not be repeated. The northern boundary of government lot 2 was therefore the lake, with reference to which, and because of which, the lands abutting upon that natural boundary were surveyed and laid out in fractional

and irregular subdivisions.    The title of the purchaser from the government was not limited by the erroneously surveyed meander line. The meander line was not surveyed for the purpose of establishing that as the boundary of the fractional subdivision of land designated as lot 2, but for the purpose of ascertaining the quantity of land in that subdivision abutting upon the fixed natural boundary, the irregular lines of which did not conform to the rectangular lines by which, in general, the public lands are required to be surveyed and subdivided.    The plaintiff had title to that part of his platted lots lying north of the meander line, and which was overflowed by raising the waters of the lake.    This conclusion is in accordance with the decision of the district court in its order granting a new trial.

The decision upon the point above considered is really decisive also of the second point made by the appellant,—that is, that the plaintiff is estopped to deny that the meander line is not the shore line of the lake and the boundary of his lands.    The purchaser from the United States purchased lot 2, the established northern boundary of which was the lake.    Wherever the surveyed meander line failed to conform to the shore of the lake, the latter—the fixed, physical boundary or monument—is to prevail, and the surveyed line must be disregarded.    The general familiar rule of law is applicable in such cases.    While, therefore, the price of the land sold by the government was computed upon the assumption that the meander line and boundary line (the shore of the lake) were identical, that does not affect the extent of the grant made by the patent conveying lot 2. The lake, and not the meander line, was the fixed boundary of the land conveyed.    No conditions exist which can create an estoppel against the purchaser, and make the real physical boundary, existing in fact and shown by the government survey and plat as the boundary, to yield to the surveyed line.

Order affirmed.