HENRY J. FARRELL *vs.* PHILIP FABEL, impleaded, etc.

July 17, 1891.

Bond—Undisclosed Condition as to Delivery.—Where a bond, complete on its face, has been actually delivered, the obligee cannot be affected by an agreement between the principal and the surety, not communicated to the obligee, that the bond should not take effect until executed by another surety. Following *Berkey* v. *Judd*, 34 Minn. 393.

Same—Answer of Surety held Bad.—The answer *held* insufficient, because not alleging that the agreement between the principal and the surety was known to the obligee at or before the delivery of the bond.

Appeal by defendant Fabel from an order of the district court for Ramsey county, *Brill,* J., presiding, refusing a new trial after verdict of $840 directed for plaintiff.   The bond sued on recites the pendency of an action between Michael B. Farrell, as plaintiff, and Patrick O'Dea as defendant, in the district court for Ramsey county, having for its object the proper distribution between the parties of $790 paid to O'Dea by the United States on certain contracts, and provides that "if the said plaintiff recover judgment against said defendant, if said defendant shall pay said judgment so recovered, then the above obligation to be void, otherwise to remain in full force."   The complaint alleges and the answer admits that M. B. Farrell recovered judgment in the action against O'Dea, on April 18, 1890, for $967.39, and on the next day the judgment and bond were assigned to plaintiff.

*John W. White,* for appellant.

*P. J. McLaughlin* and *McLaughlin & Morrison,* for respondent.

MITCHELL, J.   This action was brought upon a bond executed to one Farrell, plaintiff's assignor, by defendant O'Dea as principal, and defendant Fabel as surety, and delivered by filing it, pursuant to an order of court, on July 29, 1889.   The bond was complete on its face. The answer of Fabel admits the execution of the bond, but alleges that he did so upon the condition that O'Dea should obtain one Houlehan as an additional surety; "that Farrell had full notice and knowledge of said agreement on part of said O'Dea to procure said Houlehan as a co-surety with the defendant on said bond;   *   *   *   that defendant had no notice of the failure of said O'Dea to procure said Houlehan as a bondsman until on or about the 15th of August, 1889; and that thereafter he notified said Farrell that he disclaimed any liability thereunder, by reason of said failure."   Conceding that the answer sufficiently alleges that Fabel signed the bond upon an understanding between himself and O'Dea, and with the expectation, that the latter would procure Houlehan to execute it as co-surety, and that it should not take effect until he had signed it, and assuming that such fact, if known to Farrell at or before the delivery of the bond, would have constituted a good defence, still the answer is fatally defective in not alleging that notice or knowledge of this agreement

was communicated to Farrell before the bond was delivered by filing it, when, if at all, it became operative as a binding contract. For anything that the answer contains, this notice or knowledge might not have been communicated to Farrell until after the bond was approved and accepted by the court and filed. Indeed, taking all the allegations of the answer together, the fair inference is that it was not communicated to him until about August 15, 1889. While it was not necessary that the answer should allege the exact date, yet it was essential, in order to state a defence, under any view of the case, to allege that notice of this alleged agreement was communicated to Farrell before the delivery of the bond. The bond being perfect on its face, and in fact delivered by the principal and surety, the obligee cannot be prejudiced by any secret agreement between them, not at the time known to him. *Berkey* v. *Judd,* 34 Minn. 393, (26 N. W. Rep. 5.) As the answer stated no defence, the court was right in excluding all evidence under it.

Order affirmed.