KNUDT WILLIAMSON, Appellant, v. OLE M. OLESON.

**Surface Water:** INCREASE OF FLOW. Where a landowner changes the
·1  flow of surface water so as to increase the discharge upon adjacent
lower land, to its injury, an action will lie.

*Appeal from Story District Court.*—HON. S. M.
WEAVER, Judge.

TUESDAY, MAY 22, 1894.

THIS is a suit in equity by which the plaintiff seeks
to enjoin the defendant from causing water to flow
through a drain tile on land of the plaintiff, to his
damage, and for two hundred dollars damages for
injury to plaintiff's land, which damages accrued up to
the time of commencing suit. There was a hearing on
the merits, and the plaintiff's petition was dismissed.
Plaintiff appeals.—*Affirmed.*

*Jordan & Brockett* for appellant.

*D. J. Vinje* and *Ole O. Roe* for appellee.

ROTHROCK, J.—The plaintiff and the defendant are
the owners of adjoining eighty acre farms. Each tract
of land is the half of a quarter section, and they adjoin
each other for the distance of one hundred and sixty
rods. There is a public road on the line between the
said farms. The natural drainage of the defendant's
land is toward the land of the plaintiff. There are
some ponds and low wet land on both farms. In the
spring of the year 1888, the defendant constructed a
main line and branches of tile drain from the public
road through a ridge or rise in the ground to two or
three ponds on his land. It appears that the tiling was
properly done, and that it reclaimed the low land and

ponds on defendant's farm, and the drainage or water passed off through the tile down to the public road and over on the plaintiff's land. There is a conflict in the evidence as to whether the drain really increased the flow of water on plaintiff's land. The cause is here for trial anew, and we think it should be found as a fact that the drain did increase the flow of water, and that the plaintiff had some cause of complaint under the well established rule that where the owner of the higher land by artificial means changes the flow of water to the lower land so that the body of water is increased or discharged upon the lower land in a different manner than before the change, to the injury of the lower land, such act of the owner of the dominant estate would be actionable. *Livingston v. McDonald*, 21 Iowa, 160; *Vannest v. Fleming,* 79 Iowa, 638, 44 N. W. Rep. 906; *Wharton v. Stevens*, 84 Iowa, 107, 50 N. W. Rep. 562. It is proper to state in this connection that when the tile drain was laid there was no open channel or ditch on the plaintiff's land at the point where the water from the drain was discharged. The land of plaintiff at that point was low, flat, and wet, and the water flowed thereon across his farm. It is not questioned but that if the drain had been extended on through his land it would have been of substantial benefit to him. This is a matter of common knowledge.

II. We have said that the drain was constructed in the spring of the year 1888. The evidence shows that its effect in the drainage of the small ponds on plaintiff's land was at once apparent, and this suit was commenced on the twenty-fourth day of August, 1891, more than three years after the tile drain was laid. The plaintiff made no objection while the work of laying the tile was in progress. The defendant avers in his answer that he not only made no objection, but that he requested the defendant to extend the tile from

the road and on the plaintiff's land.   There is a conflict in the evidence as to this fact, but we think the preponderance is with the defendant.   The fact is, the defendant did extend the drain on the plaintiff's land a short distance, so that the flow of water from the tile was discharged away from the fence, along the highway.   Some time before this suit was commenced, the plaintiff demanded damages from the defendant because the defendant made an open ditch on plaintiff's land for a short distance, to carry the water away from the end of the tile.   The plaintiff consulted an attorney, and the defendant paid the attorney five dollars in settlement of the claim, and the defendant took the tile off the plaintiff's land, and filled up the ditch, and removed the tile, so that the water discharged from the drain on the land of the defendant.   There is much conflict in the evidence as to whether these acts of the parties and the payment of the five dollars damages were a waiver or settlement of the dispute between the parties.   We find that upon this question the preponderance of the evidence sustains the decree of the court below.   Some objection is made to the evidence of the attorney who made settlement, because he should not have been allowed to testify to communications with the plaintiff.   We disregard his evidence, so far as it may be considered confidential.   We think the conclusion we have reached is demanded by a consideration of the whole case.   The system of drainage on the defendant's farm has reclaimed quite an extent of low land, and drained two or three small ponds, so that what was before practically worthless is now the best land on his farm.   The damage to the plaintiff is but little more than nominal.   His land, at the place where the water flows, is low, and not shown to be fit for cultivation.   While it is true he has the right to keep it in that condition, it ought not to be held that he is not bound by the waiver and settlement which we think

the evidence shows he has made. His damages are so
slight as to hardly be the subject of computation. A
number of the witnesses testified that there was no
damage. He manifests a willingness, in his petition,
that defendant may enter upon his premises, and ex-
tend the drain across his farm. The whole surround-
ings of the case appear to us to be more in the nature
of an invitation to the court to compel the defendant
to reclaim the plaintiff's land by extending the tile
drain clear through his farm. The decree of the dis-
trict court is AFFIRMED.