W. B. COLLINS, Appellant, v. THE CITY OF KEOKUK.

**Overflowing Land: Injunction.** Where a proposed drain will
1 increase neither the flow of water nor the force of the flow over
2 plaintiff's land, an injunction will be denied.

*Appeal from Keokuk Superior Court.*—HON. HENRY BANK, JR., Judge.

TUESDAY, MAY 22, 1894.

PROCEEDING in equity to enjoin the defendant from casting water on plaintiff's land. Plaintiff appeals from part of decree.—*Affirmed.*

*W. B. Collins* for appellant.

*A. Hollingsworth* for appellee.

KINNE, J.—I.   Plaintiff is the owner of a tract of land lying west and south of Grand avenue in the city of Keokuk, Iowa. Defendant is a municipal corporation, and in improving said avenue laid a fifteen inch tile drain partly across the street, to conduct the water from the east to the west side of the street. Plaintiff claims that thereby surface water in a greater amount is discharged upon his land, and in a different manner,

than it was prior to the construction of said tile drain; that he is damaged thereby. To prevent said damage, he asks that an injunction issue restraining the defendant from constructing the drain so as to cause an accumulation of water from the adjoining lands and city, and from conducting the same upon his land. The defendant admitted it was about to lay tiling under a public road in the city on a natural water course, and at a place where it had a right to do so; averred that it was necessary to lay said tiling to keep the highway in condition for travel; that, if no tiling was there, the same amount of water would pass from the street onto plaintiff's land; that the water so discharged upon plaintiff's land is only surface water, which naturally converges at the point where said tiling is placed; and that upon plaintiff's land there is a ditch four to six feet deep and eight to ten feet wide, into which said water would flow in the absence of said tiling. At the close of the trial, the court entered a decree perpetually enjoining defendant from constructing and building a drain across the street north of plaintiff's land, and allowing defendant to construct a drain on the street east of said land, provided that the end of the drain should not be nearer than ten feet to plaintiff's land; also restraining defendant from conducting to or through said drain, or otherwise, any water except such as, from the natural lay of the ground, would flow to said point. Other provisions of the decree need not be noticed. Plaintiff appeals from so much of the decree as allows the drain to extend within ten feet of his land, and throwing water upon the street in so close proximity to his land.

II. But two questions need be considered: *First,* does it appear that the tile drain, ten feet from plaintiff's land, will cause a greater volume of water to pass over the land than passed over the same prior to the erection of said drain and prior to the

improvement of said street? And, *second*, will the drain cast the water upon plaintiff's land with greater force, or in a different manner, than it would be cast in the absence of it? We shall not consider the evidence in detail. · It shows clearly that no greater volume of water will be. cast upon plaintiff's land by reason of this drain than has always passed over it. It appears that the natural surface of the ground is such that prior to the improvement of the street and the building of the drain the surface water from two or three acres of ground was discharged upon plaintiff's land at the same place that it is now discharged by the tile drain. We think the evidence also fairly shows that the manner of the discharge of the water as it passed from a drain ten feet from plaintiff's land, and thence upon his land, is not essentially different from what it would be if it followed its natural course without obstruction. If the volume of water cast upon plaintiff's land was, by the ditch, increased, or if it resulted in passing it over the land in a manner essentially different from its natural course, and damage would result therefrom, then plaintiff would be entitled to relief. *Livingston v. McDonald*, 21 Iowa, 160; *Vannest v. Fleming*, 79 Iowa, 644, 44 N. W. Rep. 906; *Wharton v. Stevens*, 84 Iowa, 107, 50 N. W. Rep. 562; *Dorr v. Simerson*, 73 Iowa, 89, 34 N. W. Rep. 752. In view of all the evidence, and of the decree providing for discharging the water from the tile ten feet from plaintiff's land, we do not think that he has any just cause of complaint, and we think his rights are fully protected by the decree of the superior court. AFFIRMED.