JANE STINSON v. JOHN M. B. FISHEL, Appellant.

**Surface Water.** It is not permitted to gather water upon several acres and discharge it on land in a single channel, where it would have else spread and sunk into the ground.

*Appeal from Cedar Rapids Superior Court.*—HON. JOHN T. STONEMAN, Judge.

FRIDAY, FEBRUARY 1, 1895.

*Davis & Voris* for appellant.

*Smith & Clemans* for appellee.

Kinne, J.—I. Plaintiff owns certain real estate lying south of a public highway. Defendant owns land

which adjoins the highway immediately north of plaintiff's land. Plaintiff charges that in May, 1892, defendant, without authority therefor, or permission of plaintiff, dug open ditches upon his land, whereby the surface water and drainage of a large area of land was collected together into one ditch, thereby changing its flow, and the manner and volume of its flow, from what it originally was, and discharging the same into the highway, from whence it flowed on to plaintiff's land, to her damage. The answer denies that by any ditch or ditches defendant changed the flow of water which flowed over the highway on to plaintiff's land; that he in no way changed the natural flow or course of the water, and only collected the surface water on his own land into shallow ditches, to prevent the same from spreading over the entire surface, which surface water only was discharged where it would naturally flow and accumulate before flowing upon plaintiff's land; that the water which accumulated upon defendant's land and flowed in said shallow ditches was water which fell from heavy and unusual rains, and which would have flowed over plaintiff's land in the same manner had said ditches not been dug; denies that plaintiff has sustained damages. Defendant, in an amendment, avers that if plaintiff has been damaged by reason of water which defendant caused to flow through ditches, she could have largely, if not entirely, prevented such damage by running a furrow, with a plow, upon her land, at a trifling expense. By way of cross petition defendant avers that his land lies higher than plaintiff's, and the surface water caused by rains and snow upon defendant's land passes upon plaintiff's land down a natural swale; that said water has cut and formed a ditch down said swale upon plaintiff's land, which receives the water from a portion of defendant's land; that in 1871 said ditch was enlarged by a former owner

of said land; that plaintiff obstructed said ditch in the
fall of 1892, so as to interfere with the natural flow of
surface water from defendant's land, causing the same
to back up and stand in pools in the highway, and
threatens to so obstruct said ditch as to cause said sur-
face water to flow back into the ditches cut upon
defendant's land, thereby causing his land to become
wet, and unfit for cultivation, to his damage. Both
parties pray for an injunction. Plaintiff, in a reply,
denied the material averments of defendant's cross
petition. March 9, 1893, plaintiff withdrew her claim
for damages, and the cause was submitted to the court.
The issues were found for the plaintiff, and a decree
entered enjoining defendant from maintaining or keep-
ing open the ditches heretofore referred to, or any
ditches or drains whereby the water collecting or stand-
ing upon his land shall be gathered in one stream, and
discharged upon the plaintiff's land, or on the highway,
from which it can flow unobstructed upon plaintiff's
land, in a manner different or in greater quantities
than it did prior to May, 1892; also ordering defendant
to fill the ditches. Defendant's cross petition was dis-
missed. From this action of the court, defendant
appeals.

II. While, in some particulars, the evidence is
conflicting, we think the following facts are estab-
lished: Plaintiff and defendant own adjoining farms.
They are separated by a highway running east and
west. Defendant's land lies from the center of the
highway north, and plaintiff's land lies from the center
of the highway south. This highway was laid out a
year prior to the commencement of this action, and
prior to the digging of the ditches complained of. The
defendant's land lies higher than plaintiff's, and there
is a general slope to the southeast. There is a swale

heading west of defendant's west line that runs south-
east, which, as it nears the highway, becomes depressed,
so that it becomes a small pond or basin from ten to
fifteen feet wide and a few inches deep.   Prior to the
digging of the ditches  complained of, and when it
rained hard, the water would flow naturally down the
swale, over the rim of this basin or pond, and spread
out over plaintiff's land.   The water thus discharged
upon plaintiff's land was the surface water and drain-
age from several acres of land of defendant.   The
water thus discharged on to plaintiff's land, prior to
the digging of the ditches, did not pass upon the same
in a regular channel, but spread out over plaintiff's
ground.   The following plat will show the location of
the ditches, the highway, and the land of the parties:

The land where defendant's ditches were dug was low and wet, and water would stand in this basin for some days after rains had ceased, and until it had evaporated, or percolated into the ground. The land where the ditches were located was, prior to their being dug, nearly unfit for cultivation. Plaintiff's land below had for many years been in pasture, but had recently been put under cultivation,—a portion of it some nine years before this action was begun, and the rest about two years before this suit was commenced. In May, 1892, defendant, for the purpose of draining his land, dug the ditches indicated upon the plat, and gathered all of the surface water, as well as what would stand in the basin, into one open ditch, which extended a few feet into the highway. The water accumulating in these ditches passed down the main ditch upon the highway, and over it, in a single stream, upon plaintiff's land. The effect of the ditches was to collect in a single channel all of the water which fell upon several acres of defendant's land, and which otherwise would have flowed over a considerable area of ground, or have been absorbed in the soil, or have disappeared by evaporation, and to discharge it on to plaintiff's land at one place, in a single channel, and with much force and rapidity, carrying dirt and sediment with it, thereby destroying a number of evergreen trees, and rendering several acres of her ground unfit for cultivation. There is a conflict in the evidence as to whether, by reason of these ditches, a greater quantity of water was cast upon plaintiff's land than would otherwise have passed over it. We think that it appears that the quantity of the water passing upon plaintiff's land was increased by reason of these ditches. But, however that may be, it is certain that the water was cast upon the plaintiff's land in a manner essentially different than it was prior to the digging of the

ditches, and to plaintiff's detriment. The facts seem to bring the case clearly within the rule laid down in *Livingstone v. McDonald,* 21 Iowa, 160. It was there held that, if the ditch increased the quantity of water discharged upon the plaintiff's land, to his injury, or if, without increasing the quantity, it cast it upon plaintiff's land in a different manner from what the same would naturally have flowed upon it, to his injury, the defendant would be liable in damages, even though the ditch was constructed by defendant in the course of the ordinary use and improvement of his farm. The same principle was recognized in many other cases. *Vannest v. Fleming,* 79 Iowa, 641, 44 N. W. Rep. 906; *Dorr v. Simerson,* 73 Iowa, 91, 34 N. W. Rep. 752; *Wharton v. Stevens,* 84 Iowa, 107, 50 N. W. Rep. 562; *Collins v. City of Keokuk,* 91 Iowa, 293, 59 N. W. Rep. 200; *Williamson v. Oleson,* 91 Iowa, 290, 59 N. W. Rep. 267. It follows that the decree of the superior court was in all respects proper.—*Affirmed.*