WINSLOW HOLMES v. CALHOUN COUNTY, *et al.*, Appellants.

PRACTICE. The fact that an alleged unlawful structure was completed, pending an action to enjoin its construction and maintenance, does not affect the right of the court to enjoin its maintenance.

Injunction: SURFACE WATER. The maintenance of a tile drain along a highway, which has the effect of discharging on plaintiff's premises surface water which would not otherwise have flowed over them, and casts water on his land in a different manner from that in which it flowed before, to his injury, is actionable, and will be enjoined, though defendant is financially responsible.

*Appeal from Calhoun District Court.*—HON. CHARLES D. GOLDSMITH, Judge.

FRIDAY, FEBRUARY 14, 1896.

*Stevenson & Lavender* for appellants.

*J. C. Kerr* for appellee.

KINNE, J.—I. Plaintiff, a landowner in Calhoun county, Iowa, brings this action to enjoin the county, its auditor, treasurer and board of supervisors, from constructing a tile drain upon and along the highway adjacent to his premises. He avers that the

board of supervisors had entered into a contract with a party to construct such a drain along the south line of his land; that the same is so planned as to drain, not only the highway, but also to carry off the water which accumulates on the land lying south of the highway; that the construction of the drain, as planned, will accumulate immediately opposite plaintiff's land, on said highway, a much larger amount of water than would naturally accumulate at that place, and would empty all of said water, suddenly, and in large and unusual quantities, upon his land; that said drain will change the natural flow of the water, and discharge the water upon his land, to his damage. He further avers that there is no lawful authority to improve the highway, as there is no fund which can legally be used to pay therefor. He asks that an injunction issue, restraining the entering into the contract for the construction of said drain, the issuing of a warrant to pay therefor, and the payment of any such warrant, and for other equitable relief. The answer avers that the construction of the drain was necessary to render the highway passable; that it would empty the water into the natural outlet; that its construction would not damage plaintiff; that the county road fund was not in debt; that the tile for said drain had been paid for, and the work of putting in the drain provided for; that plaintiff has an adequate remedy at law. The cause was tried to the court, and a decree entered, enjoining the defendant county, and its board of supervisors and their successors, from constructing or maintaining said drain, or any similar drain, "whereby the surplus water will be cast, artificially, on the premises of plaintiff, and said defendants are enjoined and prohibited from permitting the water from said drain from flowing upon said land of plaintiff." The auditor was also

enjoined from issuing any warrants on the bridge fund of said county, in payment for said drain; and the treasurer, from paying any such warrants.    Defendants appeal.

II.    It is difficult to describe the location of the drain, with reference to plaintiff's premises, and the land to be drained, so as to make the situation clear, in the absence of a plat of the premises.    Plaintiff's dwelling house and other buildings are situated upon a public highway, which runs east and west.    The ground immediately surrounding them, is high and dry.    Southeast of plaintiff's premises, and south of the highway, there is a tract of ground from which surplus water flows, through a culvert under the highway, and passes over plaintiff's land, flowing to the east.    From plaintiff's east line, and extending in a west and northwesterly direction, are connected ponds or marshes, through which the water, from quite a territory west, southwest, and northwest of his buildings, naturally flows through his land, north of his buildings, and after it passes them it takes a southeasterly course, until it leaves his premises.    Without quoting from the evidence, it may be said, it satisfactorily establishes the fact that this tile drain would run water upon portions of plaintiff's land, which does not go there naturally; that more water would pass over the land east of the house, than would without the drain; that it would spread over, and render practically valueless, about three acres of plaintiff's ground.    The evidence also tends strongly to show that, while more or less water in these ponds is not drawn off through the present natural outlet, this drain would take off some of this water, which, without it, would stand in the ponds, and be taken up by evaporation, or would percolate into the earth.

III.    It is contended that plaintiff had an adequate remedy at law; that the county was solvent,

and hence the plaintiff might recover any damages he might sustain, and therefore was not entitled to the aid of a court of equity. When this action was commenced, the drain had not been constructed. Between that time, and the time of the trial below, the drain had been completed. It follows, then, that, unless the defendants were enjoined from permitting the water to flow through said drain, it would · continue so to flow, and to run over plaintiff's land. We need not determine whether the drain was, in its character, permanent. If permanent, then plaintiff had the right to have the continued flow of water restrained; and, if it be considered temporary, then he should not be put to the vexation and expense of bringing a suit for every fresh injury. In either case, an injunction was proper, to restrain the continuance of that which amounted to a nuisance. The following authorities abundantly sustain the holding, that in such a case an injunction is a proper remedy: *Morgan v. Miller*, 59 Iowa, 482 (13 N. W. Rep. 643); *Ladd v. Osborne*, 79 Iowa, 93 (44 N. W. Rep. 235); *Troe v. Larson*, 84 Iowa, 649 (51 N. W. Rep. 179); *Bolton v. McShane*, 67 Iowa, 207 (25 N. W. Rep. 135); *Grant v. Crow*, 47 Iowa, 632.

IV. It is contended that an injunction should not have been granted, because the drain had, in fact, been constructed before the decree was entered in the district court, and the warrants issued and paid. If it be conceded that the decree, in so far as it prohibits the auditor from issuing warrants in payment for the construction of the drain, and the treasurer from paying the same, was ineffectual, still, in so far as it prohibited the defendants from maintaining the drain, or any similar drain, which would cast surplus water on plaintiff's premises, and from thus casting the water upon his premises, it was

proper, as staying the continuance of the nuisance, which by their wrongful acts they had created.

V.   We come now to the merits of this case. We shall not enter upon a discussion of the evidence. We think it should be found from it that the drain conveyed water over a portion of plaintiff's premises, which, without the drain, never flowed over his lands; that its effect was to drain water from ponds, some of which, in the absence of this drain, would stand in them until evaporated; that it cast the water upon plaintiff's land in a different manner from what the same would naturally have flowed upon it, to his injury. In such a case the law is well settled in this state, that the injury is actionable. In view of the many cases where this subject has been discussed, we need not elaborate it. *Vannest v. Fleming,* 79 Iowa, 641 (44 N. W. Rep. 906); *Dorr v. Simerson,* 73 Iowa, 89 (34 N. W. Rep. 752); *Livingston v. McDonald,* 21 Iowa, 160; *Wharton v. Stevens,* 84 Iowa, 107 (50 N. W. Rep. 562); *Collins v. City of Keokuk,* 91 Iowa, 293 (59 N. W. Rep. 200); *Williamson v. Oleson,* 91 Iowa, 290 (59 N. W. Rep. 267); *Stinson v. Fishel,* 93 Iowa, 656 (61 N. W. Rep. 1063). It is urged that this case is, in its facts, like *Williamson's Case,* in which this court affirmed the action of the lower court in dismissing the plaintiff's petition. In that case, slight, if any, damage was shown, and it was held plaintiff was bound by a settlement he had made. In this case, no settlement is claimed, and all of the testimony shows that the discharge of the water from the drain would substantially damage plaintiff's land. Some question is made as to the right of the county to pay for this drain, because there was no money in the proper fund. As, in our view of the case, the evidence dence justified a decree for the plaintiff, irrespective of this contention, we give it no consideration. The decree of the district court is AFFIRMED.