## SIZOR *v.* THE CITY OF LOGANSPORT.

[No. 18,526. Filed May 13, 1898. Rehearing denied Dec. 16, 1898.]

DEEDS.—*Description of Real Estate.—Meander Lines.—* Where in a conveyance of real estate the description is by metes and bounds, and a part of the description is the meander line of a river, such meander line is the actual waterline, unless the contrary clearly appears from the deed.

From the Cass Circuit Court. *Affirmed.*

*Frank Swigart,* for appellant.

*Q. A. Myers, G. C. Taber* and *Frank M. Kistler,* for appellee.

MONKS, J.—Appellant brought this action to recover possession of certain real estate, and quiet his title thereto as against appellee. Appellee filed a general denial, and upon the issue so joined the cause was submitted to a jury, and after appellant had closed his evidence in chief the court instructed the jury to return a verdict in favor of appellee, and over a motion for a new trial judgment was rendered that appellant take nothing by his said action. The only error assigned which presents any question for our determination is that the court erred in overruling appellant's motion for a new trial. There are many other errors assigned, but they are all causes for a new trial, and therefore present no question. The evidence shows that in 1848 the trustees of the Wabash and Erie canal executed a deed conveying to Mary Long the fractional N. E. $\frac{1}{4}$ of section 29, township 27 N., range 2 E., and that Eel river was the north

boundary of the said real estate. On September 18, 1872, Mary Long, by deed, conveyed said real estate to appellant, and he, on June 13, 1873, conveyed a part thereof—about 35 acres—to the Cass County Agricultural, Horticultural and Mechanical Association. The real estate conveyed to said association was described by metes and bounds, and the north line was described as follows: "Thence north parallel with the east line of said section, fourteen (14) chains and seventy (70) links to the meander line on the south bank of Eel river; thence westward along said meander line to the northwest corner of said fractional quarter section, being also the northeast corner of J. B. Richardsville reserve." Appellee derived its title through the conveyance last mentioned, and by the same description. When the real estate on Eel river was first surveyed by the government surveyors, they ran a meander line along the south side of said river, and it is contended by appellant that such meander line as so located is the north boundary of the real estate conveyed to appellee, and that said meander line is, as the river now runs, over one hundred feet south of the south margin or waterline of said river at the northeast corner of said tract and in the south edge of the water at the northwest corner of said tract. Appellee, on the other hand, contends that the description carries the title of appellee at least to the waterline, on the south side of said river, if not to the thread of the stream. If appellee's contention is correct, the cause must be affirmed; if appellant is correct, the cause must be reversed. In *Railroad Co.* v. *Schurmeir,* 7 Wallace, 272, which was a case where the land was adjoining a navigable stream, the supreme court of the United States, at p. 286, said: "Meander lines are run in surveying fractional portions of the public lands bordering on navigable rivers, not as bounda-

ries of the tract, but for the purpose of defining the sinuosities of the banks of the stream, and as the means of ascertaining the quantity of the land in the fraction subject to sale, and which is to be paid for by the purchaser. In preparing the official plat from the field notes, the meander line is represented as the border line of the stream and shows, to a demonstration, that the water-course, and not the meander line, as actually run on the land, is the boundary. Proprietors bordering on streams not navigable, unless restricted by the terms of their grant, hold to the center of the stream." This case has been uniformly followed by the courts. *Hardin* v. *Jordan*, 140 U. S. 371, 11 Sup. Ct. Rep. 808; *Sphung* v. *Moore*, 120 Ind. 352,356; *Knudsen* v. *O'Manson*, 10 Utah 124, 37 Pac. 250; *Lamprey* v. *State*, 52 Minn. 181, 53 N. W. 1139, 38 Am. St. 541, 18 L. R. A. 670; *Schurmeier* v. *St. Paul, etc., R. R. Co.*, 10 Minn. 82, 88 Am. Dec. 59; *Freeman* v. *Bellegarde*, 108 Cal. 179, 41 Pac. 289, 49 Am. St. 76, 79, and cases cited. In *Boorman* v. *Sunnuchs*, 42 Wis. 233, the court, on p. 243, said: "Another rule applicable to this case is, that if the meandered line and the actual waterline differ, the latter is the true line of a lot bounded in terms by the meandered line." It is therefore held in many cases that a meander line on a lake or water course extends to the line of the shore or bank although the courses and distances of the survey be not coincident with the waterline. *Everson* v. *City of Waseca*, 44 Minn. 247, 46 N. W. 405; *Ladd* v. *Osborne*, 79 Iowa, 93, 44 N. W. 235; *St. Paul, etc., R. R. Co.* v. *First Division of St. Paul, etc., R. R. Co.*, 26 Minn. 31, 49 N. W. 303. It was said by the supreme court of Minnesota, in *Schurmeier* v. *St. Paul, etc., R. R. Co.*, *supra*, "There is no such thing as a meander line in such case distinct and separate from the line of the river. It is merely an accurate survey of the river,

and neither party in this case could be permitted to show that the river is in a different place from that designated by the field bcok and plat." In *Knudsen* v. *O'Manson, supra,* the court said: "In making the survey the water's edge was approached as near as possible, and the west line of these lots is shown by the government surveyors to be the waters of the lake, and is what is called "a meander line." It is also held that, when a deed describes land as bounded by a bank, or as on the west side of a river not navigable, or by lines running to a stake or line on the bank, thence up or down the stream to another monument on the bank, the thread of the stream is the boundary. *Kent* v. *Taylor,* 64 N. H. 489, 13 Atl. 419; *Runion* v. *Alley* (Ky.), 39 S. W. 849 ; *County of St. Clair* v. *Lovingston,* 23 Wall. 46; *Luce* v. *Carley,* 24 Wend. 457; *Seneca Nation* v. *Knight,* 23 N. Y. 498–500; *Lunt* v. *Holland,* 14 Mass. 150; *Cold Springs Iron Works* v. *Inhabitants of Tolland,* 9 Cush. 492; *Newton* v. *Eddy,* 23 Vt. 319 ; *Brown* v. *Chadbourne,* 31 Me. 9; *Stanford* v. *Mangin,* 30 Ga. 355; 2 Delvin on Deeds (2nd ed.), sections 1028a, 1028b; 1 Jones on Law of Real Property, sections 477, 485, 488, 490, 491, 493.

It is clear from the authorities that the meander line was run by the government surveyors as near the waterline as possible, and was intended to mark the waterline, and the same is shown on the official plats prepared from the field notes to be the water or border line of the stream. We think, therefore, that in all conveyances where the meander line is mentioned, it must be held to be the actual waterline, unless the contrary clearly appears from the deed itself. The description in this case carried appellee's title at least to the waterline, with riparian rights, if not to the thread of the stream. Judgment affirmed.