## LEONARD v. WOOD ET AL.

### [No. 4,485.   Filed April 21, 1904.]

BOUNDARIES.—*Meander Line of River.*—*Description in Mortgage.*—*Survey.*—
*Accretions.*—In a proceeding in ejectment by a mortgagor to recover
from a purchaser at foreclosure sale a strip of land made by accretion
between the surveyor's meandering line of a river, inserted in the
mortgage, and the river boundary as it existed after a change of course,
it appeared from the evidence that the land was described in the mort-
gagor's deed as bounded by the river, but the loan agent, in order to
ascertain the actual amount of good land, required a survey thereof to
be made, and the description made by the surveyor was inserted in the
mortgage instead of the general reference to the river. *Held*, that the
purchaser acquired title to the meander line of the river. *pp. 83–86.*

SAME.—*Meander Lines.*—*Survey.*—*Accretions.*—*Title of Purchaser at Foreclos-
ure Sale.*—The question whether a purchaser of land at foreclosure ob-
tains title to land formed by accretion depends upon whether the
boundary line as described in the mortgage was the meander line of
the river, or an independent line made by the surveyor. *p. 84.*

From Owen Circuit Court; *M. H. Parks*, Judge.

Action by John M. Leonard against Lulu Wood and
others. From a judgment for defendants, plaintiff ap-
peals. *Affirmed.*

*W. N. Pickerill* and *J. C. Robinson*, for appellant.
*J. W. Pryor* and *Willis Hickam*, for appellees.

ROBY, J.—Action in ejectment by appellant. Cross-
complaint by appellee to quiet title. Trial by the court.
Finding and judgment against appellant on his complaint
and for appellees on their cross-complaint. John Franklin
was on November 9, 1875, the owner of certain real estate
in Owen county, and on said day conveyed the same to
appellant, describing it as bounded in part by White river.
In 1876 appellant applied to a loan company for a loan
to be secured by mortgage on said land. The agent of the
company examined the land, and required appellant to
have it surveyed, so that the description would show the
actual amount of good land in the tract, the river being

regarded as too indefinite. Appellant thereupon procured a survey to be made, and thereafter obtained the loan, executing a mortgage to secure it, in which the description given by the surveyor took the place of the general reference to the river. The description being in part as follows: "Thence eighty-seven degrees thirty minutes west 118 rods and sixteen links to the left bank of White river; thence down stream, with the meanderings thereof, south thirty-four degrees east forty rods; thence south sixty-seven degrees east nineteen rods; thence north eighty degrees east twenty-five rods; thence south forty-five degrees east twenty-three rods; thence south twenty-seven degrees east twenty-eight rods; thence south fourteen rods to the south line of said tract," etc. The appellees now have possession of the tract admittedly described, as well as that part in controversy, holding and claiming title to it all by virtue of a foreclosure of said mortgage. Since the execution of the mortgage the course of White river has changed, so that between the lines made by the surveyor and the river as it now runs there is a tract of from thirty-five to forty acres of land. If the line run by the surveyor was merely the meander line of the river, a conveyance bounded by it was a conveyance bounded by the river (*Sizor* v. *City of Logansport,* 151 Ind. 626, 44 L. R. A. 814), and the land made by accretion belongs to appellees. *Jefferis* v. *East Omaha Land Co.,* 134 U. S. 178, 33 L. Ed. 872, 10 Sup. Ct. 518; *County of St. Clair* v. *Livingstone,* 90 U. S. 46, 23 L. Ed. 59. If the line was an independent one, the mortgagee's title would not extend beyond it, and the tract in controversy would belong to appellant, he not having parted with title to the strip between the line and the river.

The question is whether the judgment is sustained by evidence. The engineer who ran the line and furnished the description for the mortgage testified as follows: "I surveyed approximately where the river was. I surveyed down around the edge of the river. Some places might

have been a rod or so, or two or three, and there was bars and sand in some places, and a high river bank. At the high river bank we kept as close as we could, and where it was feather edge we were not so particular. What do you mean by a feather edge? A. An indefinite edge. Do you mean to say that this distance and direction beginning from a point from which you reached on the left bank of the river down to where the distance starts out east is a following of the river's edge? A. Practically followed the river, this meandering is."

The appellant's mortgage, after setting out the description by metes and bounds, concluded, "making in all 117 53-100 acres, and being all the land owned by the said John M. Leonard in said section twenty-one, township nine north, range four west, in the said county of Owen and State of Indiana, together with all the privileges and appurtenances thereunto belonging or in anywise appertaining, and all the estate, right, title, and interest of the parties of the first part in and to the same, and every part and parcel thereof." This language is consistent with appellees' contention that the line was run for the purpose of measuring the land owned by Leonard, and not for the purpose of establishing a boundary independent of the river. The strip between this land and the meander line was narrow and worthless. That Leonard did not intend to reserve it is a deduction that may be legitimately drawn from the language used in the mortgage, when taken in connection with the then existing conditions.

Appellant insists that the words, "thence down stream with the meanderings thereof," apply only to the clause immediately following, and can not be applied to or carried forward to subsequent clauses contained in the deed. It is not necessary to consider the proposition except as it arises upon the facts herein involved, which includes the clause quoted as to the intent to cover all land owned by the mortgagor in the section, the force of which is suffi-

cient, in connection with the circumstances under which the survey was made, to justify the application of the phrase quoted to those lines running with the river.

Judgment affirmed.