(116 So. 827)

Nos. 27857, 28805.

## STATE v. BROUSSARD et al.

April 9, 1928.

Percy Saint, Atty. Gen., Peyton R. Sandoz, Asst. Atty. Gen. (J. R. Kitchell, of Abbeville, of counsel), for the State.

J. E. Kibbe, Jr., and Broussard & Samson, all of Abbeville, for appellees.

ROGERS, J. The state of Louisiana, through its Attorney General, instituted this suit, claiming the ownership of two alleged strips of land, containing 2,690 acres, more or less, bordering on Vermilion bay, in the parish of Vermilion, lying partly in T. 15 S., R. 3 E., and R. 4 E., and partly in T. 14 S., R. 4 E., as shown on a plat annexed to plaintiff's petition. Plaintiff also alleged that the defendants were slandering its title to the land, trespassing thereon, and molesting its lessee, Dudley J. LeBlanc, in his trapping operations. It prayed that defendants be ordered to show cause why a preliminary injunction should not issue, for judgment perpetuating the injunction, and decreeing it to be the owner of the lands. Defendants answered, denying they were trespassers and that plaintiff owned the property. They averred that they were the true owners thereof by patents thereto from plaintiff itself, and prayed that the suit be dismissed. After a trial thereon, the rule nisi was discharged, and a preliminary injunction was refused. From this judgment plaintiff appealed, and the transcript was filed in this court under the No. 27857 of the docket. Subsequently, the case was tried on its merits, resulting in another judgment in favor of the defendants, rejecting plaintiff's demands. Plaintiff also appealed from this judgment, and the transcript was filed in this court under the No. 28805 of the docket. Counsel for the respective parties have agreed that the transcript in No. 27857 should form part of the transcript in No. 28805, and that both appeals should be consolidated, heard, and decided at the same time.

The numerous defendants, impleaded originally and by intervention subsequently, contend that, with the exception of section 16 and irregular section 40 of T. 15 S., R. 3. E., they are the owners, either directly or by mesne conveyances from the state of Louisiana, the plaintiff herein, of all the lands bordering Vermilion bay in township 15 south, ranges 3 and 4 east and township 14 south, ranges 4 and 5 east, from the mouth of Bayou Vermilion to the east line of the parish of Vermilion; and that they acquired the lands from their common author as fractional sections and lots in fractional sections according to the official plats of survey thereof by the federal government on

file in the office of the register of the state land office.

The plaintiff, however, questions the correctness of the government plats and surveys, which were made by Rightor and McCollam in the years 1837 and 1838, and has introduced in evidence in this suit a plat and survey made in the year 1925 by the surveyor employed by it, which it contends shows the true situation.

It appears from the record that the federal government, on completion of a survey of its then western boundary along the Sabine river to the Gulf of Mexico, contracted with Rightor and McCollam to extend the survey along the "margin" of the gulf, including the islands, as far eastward as the island of Grand Terre, to connect with existing surveys, so as to make "a regular connection along the whole coast, * * * except about six miles immediately west of the Nementor" (Mermentau).

In the prosecution of their work, the contractors surveyed a number of townships and parts of townships. Among these were the whole of township 15 south, ranges 3 and 4 east, and the sections of township 14 south, range 4 east, bordering on Vermilion bay. According to the field notes, the surveys were run from the west, and the western lines of each township were surveyed and connected in regular order. Due to the intervening marshes, apparently, no attempt was made to connect these surveys with the surveys of the high lands on the north. It appears from the record, as we understand it, that in the course of the work Rightor and McCollam placed a post or monument on the line between townships 14 south, range 3 east and 15 south, range 3 east at the point of its intersection with Bayou Vermilion. This point was also established by John Boyd and John Rykoski, deputy United States surveyors, in 1847 and 1856, respectively. The surveyor employed

by plaintiff, however, ignored this corner, which is on the west bank of the bayou, and made no attempt to re-establish the lines surveyed by Rightor and McCollam. He initiated his survey at a point lying six miles to the north at a post placed by one C. A. Loustalot, civil engineer, supposedly at the northwest corner of township 14 south, range 4 east. He then proceeded southward, and established a corner as common to township 14 south, ranges 3 and 4 east, and township 15 south, ranges 3 and 4 east. This resulted in a shift to the westward for a distance of 44 chains, according to one of plaintiff's expert witnesses, and of 32 chains, according to another of its expert witnesses, of all the lines surveyed by Rightor and McCollam, causing the shore line of the townships extending in a northeasterly direction to be thrown northwesterly into the interior and away from the bay, creating the alleged excess acreage herein claimed by the plaintiff. The effect of the survey, if it be controlling, is disastrous to the pretensions of the defendants, since, out of 5,269.10 acres sold them by the state of Louisiana, approximately 2,411 acres are thrown into Vermilion bay on the west, and the remaining 2,841 acres are shifted into the marshes about one-half a mile away from the shore line.

The plats of survey of Rightor and McCollam were approved on December 8, 1842, by the surveyor general of Louisiana, "as being strictly comformable to the field notes of the survey thereof, which have been approved and which are on file in this office." But they also bear notations, under date of December 23, 1842, to the effect that, since their approval, it appears by the testimony of the chain carriers that the surveys were but partially made in the field. Plaintiff argues, therefore, that no reliance can be placed on the surveys, and that the traverse which Rightor and McCollam purport to have

made along the shores of Vermilion bay was not so made; that, if it was made at all in the field, it was done north of the bay, at a distance varying from a quarter to a half of a mile from its shore line. Plaintiff contends the meander line of Rightor and McCollam must be disregarded, and the line established by its surveyor must be accepted as being correct.

■ It is undoubtedly true that the surveys of Rightor and McCollam are open to suspicion as to their correctness because of the notations placed on the plats under date of December 23, 1842. Nevertheless, the experts for plaintiff stated, on cross-examination, that they had no doubt that Rightor and McCollam had surveyed the line along Vermilion bay; and it further appears that, irrespective of the interior lines, the outline of the survey made by plaintiff's expert, when superimposed thereon, coincides with the outline of the survey made by Rightor and McCollam. It is also true that the latter survey has never been expressly repudiated by the governmental officials, so far as the record shows, and the sales by the state of Louisiana, plaintiff herein, to the defendants and their authors in title were made on the basis of the designations, descriptions, and acreage of the lands as set forth on the plats of that survey on file in the state land office. For more than 50 years these defendants and their authors have paid, in good faith, the taxes which were levied and collected by the state on these lands. In these circumstances, our conclusion is that plaintiff is estopped from denying the correctness of the plats and surveys on which it acted in making the sales to the defendants and their authors, and that it cannot be permitted to repudiate those sales.

After the government had sold lands according to a survey and plat, it cannot dispute the truth of such survey and plat. St. Paul, S. & T. R. Co. v. First Division of St. Paul & P. R. R. Co., 26 Minn. 31, 49 N. W. 303.

■ A party to a contract cannot pronounce its own deed invalid, although that party is a sovereign state. Fletcher v. Peck, 6 Cranch, 87, 3 L. Ed. 162.

For the reasons assigned, the judgments herein appealed from are affirmed.