HERMAN THIESSEN, Appellant, v. JOHN CLAUSSEN AND OTHERS, Appellees.

**Drainage:** DIVERSION OF SURFACE WATER: INJUNCTION. A landowner who has erected a barrier or ditch on the partition line to repel the surface water coming from an adjacent tract, and maintained the same for ten years or more with the knowledge, or express or implied consent of the owner, cannot be enjoined from further maintaining the same.

*Appeal from Clinton District Court.*— HON. P. B. WOLFE, Judge.

TUESDAY, JULY 2, 1907.

ACTION in equity to restrain defendants from maintaining an obstruction in a swale or watercourse which affords, as is alleged, natural drainage for surface water from plaintiff's land. There was a decree dismissing the bill, and plaintiff appeals.—*Affirmed.*

*Baker, Ellis & McCoy* and *C. H. George,* for appellant.

*L. F. Sutton* and *T. W. Hall,* for appellees.

WEAVER, C. J.— Plaintiff is the owner of the N. ½ of the N. ½ of section 5, township 82, range 5, in Clinton county, Iowa, and defendants own the land lying immediately north of the tract described. The plaintiff alleges that the surface water from his land naturally drains to the northward through a depression or swale upon and across the land of the defendants, and that the latter have wrongfully erected a dam or dike across the depression or swale near the partition line between said tracts, causing the water in times of flood to be cast back upon his land, to his injury. The defendants deny the alleged wrong upon their part, and say that the natural drainage is from the southwest to the northeast across plaintiff's land, to a discharge in a large ditch known as the "county ditch," but that many years ago plaintiff constructed a ditch upon his own premises, diverting the course of the water, making it flow directly north to the line of defendant's land, where it was turned and carried a distance to the east along the division line. They alleged that the effect of plaintiff's said ditch was to collect the surface water on his premises, and to cast it upon their land in a materially different manner and in materially increased quantities, to their injury, and to protect themselves therefrom they and their grantors have kept open the ditch above mentioned, extending to the east along the partition line between the two tracts of land, and that said means of protection have been so kept and maintained for more than thirty years with the knowledge and acquiescence of the plaintiff.

While the record submitted is voluminous, the issues are few and not difficult of solution. It is a well-settled proposition in this court that, if the owner of the dominant estate so diverts the natural flow of surface waters from his

lands as to cast them upon the servient estate in another place, or in a materially different manner, or in greatly increased quantities, the owner of the latter may defend his premises against such intrusion by dikes or ditches reasonably calculated to effect that purpose. It is equally well settled that if a landowner, claiming the right to repel the surface water coming from an adjacent tract, erects a barrier or constructs a ditch upon the partition line to produce that result, and maintains the same with the knowledge or express or implied consent of the owner of said adjacent premises for ten years or more, the right of the latter to demand an injunction against the maintenance of such alleged obstruction will be barred. *Brown v. Armstrong,* 127 Iowa, 175; *Matteson v. Tucker,* 131 Iowa, 511. In the case before us, as is not uncommon, there is no little conflict in the testimony; but a careful examination of the record makes it reasonably clear that the defendant's theory as to the natural course of the surface drainage of plaintiff's land is correct, and that many years ago, by the construction of a ditch and by strengthening the east bank thereof with a hedge, the plaintiff diverted the flow from the northeast to the north in such a manner as to justify the defendants and their grantors in fencing against it, by maintaining an outlet extending from the north of plaintiff's ditch eastward along the line, thereby relieving their land in some degree from injury by the plaintiff's act, even though the effect may have been in times of unusual flood to cast some of the water back upon his premises. It is shown without substantial dispute that the father of the defendants, who was then the owner of the land now occupied by them, erected a dike at or near the line more than thirty years before this suit was begun, by which means the water coming from plaintiff's land was turned to the eastward as above described, and that the protection afforded by this dike and the ditch extending in that direction has ever since been maintained and insisted upon by him and by his heirs under a claim of right

so to do.   No good purpose will be served by extending this opinion to detail the evidence on either side.  The dispute is clearly one of fact, and we are of the opinion that the trial court reached the correct conclusion thereon.

The decree appealed from is *affirmed*.