CHESTER FENNEMA, Appellant, v. BERT MENNINGA, Appellee.

No. 46720.

JULY 27, 1945.

Johnston & Shinn, of Knoxville, for appellant.

Tunis H. Klein, of Pella, and Johnson & Johnson, of Knoxville, for appellee.

MULRONEY, J.—A public highway runs east and west on the county line between Jasper county on the north and Marion county on the south. The highway separates Section 36 in Jasper county and Section 1 in Marion county. Plaintiff is the owner of a forty-acre tract in Section 36 bordering the highway and defendant is the owner of the land across the road in Section 1. Plaintiff brought suit against the defendant alleging that for many years a natural drain or waterway ran across Section 36 and over defendant's land in a southeasterly direction but for more than five years the defendant has erected and maintained a dike along the north side of his land which stopped the flow of surface water and caused frequent flooding of plaintiff's land. The prayer was for an injunction against the maintenance of the dike and judgment for $800 damages resulting from the flooding of plaintiff's land.

Defendant's answer alleged that the dike had been constructed more than twenty-two years prior to the filing of the petition and it had been erected and maintained through the express or implied consent of the plaintiff and his grantors. He stated in his answer:

"* * * that the system of drainage along the dike or levee in the county highway along the north side of the defendant's land was established more than 22 years prior to the filing of the Plaintiff's petition herein and has been continued and maintained ever since with the acquiescence and consent of the owners of all adjoining land, drained by said system or affected by said system, including the plaintiff, and that said system of drainage so established more than 22 years ago has become as to said ditch * * * or levee a natural barrier, and that the defendant has acquired by the lapse of time and by such consent and acquiescence of the adjoining real estate owners an irrevocable right and an irrevocable easement."

The trial court held for the defendant and plaintiff appeals. The evidence is not in serious dispute. The plaintiff, who

bought his land in 1917 from W. J. Marshall, testified that he had known the land since 1899 and that "the levee was put in about thirty years ago." He described a natural ditch on the Kaldenburg forty, immediately west of his land, which provides a natural waterway in a southeasterly direction reaching the road near the southeastern corner of the Kaldenburg forty, thence under a bridge in the highway which has been there for at least forty-five years. After the water passes under the bridge it strikes the dike along the northern border of defendant's land and flows east along the south side of the highway in a road ditch about forty to sixty rods, then, during hard rains, it flows across the road and onto plaintiff's land. He stated:

"During the last five or ten years this water would run east on the south side of the road from the bridge and back across the road into my field about three or four times a year except in 1934 and 1936."

W. J. Marshall, testifying for plaintiff, stated that before the dike was erected along the northern border of defendant's land the water from the Kaldenburg ditch went across the road southeast through defendant's land and emptied into a bottom or pond on defendant's land, then off in a southeasterly direction on land owned by Mr. Sheeler. He did not complain at the time of the erection and construction of the dike and there is no testimony of any complaint ever having been made to defendant or his grantors during the thirty years that the dike has been in existence until this suit was brought.

There was evidence that the flow of water was increased when Kaldenburg cleaned out and straightened the ditch on his land. The overflow on plaintiff's land was also augmented by the fact that the road ditches which emptied into the Skunk River about a mile east were gradually filling with silt.

Two distinct rules of law exist with respect to the right of a landowner to repel surface water flowing from higher adjacent land. The common-law rule treats surface water as a common enemy and under this rule no servitude exists in favor of the higher land and the owner of the lower land can repel surface water from the higher land without any liability.

The civil-law rule places a servitude upon the lower land in favor of the upper land to receive all natural drainage and the natural flow or passage of the water cannot be obstructed by the servient owner to the detriment of the dominant owner. See 27 R. C. L. 1139–1145, sections 71–74; 67 C. J. 866, 869, sections 289, 294. Justice Weaver observed, in Matteson v. Tucker, 131 Iowa 511, 516, 517, 107 N. W. 600, 602, that:

"This court has never adopted either rule in its entirety, though the general principle of the civil law in this respect, and especially as applied to rural lands has frequently been approved. Livingston v. McDonald, supra [21 Iowa 160]; Vannest v. Fleming, 79 Iowa, 641; Wharton v. Stevens, 84 Iowa, 107; Brown v. Armstrong, 127 Iowa, 175; Keck v. Venghause, 127 Iowa, 529."

In this opinion Justice Weaver reviewed the evidence and concluded that the levee complained of did not obstruct the natural drainage, but even if this conclusion was in error, the opinion holds:

"* * * there can be no doubt that the maintenance of the appellee's levee for thirty years (three times the period prescribed by the statute of limitations), without hindrance or objection, is a sufficient defense to an action for its condemnation and removal."

In Brown v. Armstrong, 127 Iowa 175, 177, 102 N. W. 1047, we stated the rule that should govern this case:

"While surface water has been spoken of in the books as a common enemy, it is well established in this State that when water, no matter what its character, flows in a well-defined course, be it only in a swale, and seeks discharge in a neighboring stream, its flow cannot be arrested or interfered with by one landowner to the injury of another. Wharton v. Stevens, 84 Iowa, 107; Vannest v. Fleming, 79 Iowa, 638; Waverly v. Page, 105 Iowa, 225. The owner of a servient estate has no right to either dam the surface water and cast it back upon his neighbor, or to collect the same in a body and precipitate the same in increased or unnatural quantities, or in a different manner

from the natural flow thereof, to the damage of his neighbor. Livingston v. McDonald, 21 Iowa, 160; Collins v. City, 91 Iowa, 293; Holmes v. Calhoun Co., 97 Iowa, 360. On the other hand, the owner of the dominant estate may by consent, either express or implied, estop himself from relying upon these rights, or he may so abandon his rights as that the owner of the servient estate may acquire a counter easement to have the water turned back upon the dominant estate.''

In Thiessen v. Claussen, 135 Iowa 187, 189, 112 N. W. 545, the rule is stated:

''It is equally well settled that if a landowner, claiming the right to repel the surface water coming from an adjacent tract, erects a barrier or constructs a ditch upon the partition line to produce that result, and maintains the same with the knowledge or express or implied consent of the owner of said adjacent premises for ten years or more, the right of the latter to demand an injunction against the maintenance of such alleged obstruction will be barred.'' See, also, 67 C. J. 886, section 310.

Applying the rule of the above cases to the case at bar, we reach the conclusion that plaintiff's right to demand an injunction against the maintenance of the levee is barred. The record shows that the levee was erected in 1913 or 1914. Marshall, plaintiff's grantor, was seventy-six years old at the time of the trial. He had lived on plaintiff's land most of his life since he was six years old. He bought the land in 1907. He saw this dike erected in 1913 or 1914. He did not discuss the dike with the owner of defendant's land or make any remonstrance as to its erection. Plaintiff bought the land in 1917 and he has owned it until the present date, except for the year 1936, when he was refinancing a loan and an insurance company held title. During all those years neither Marshall nor the plaintiff made a single complaint to the defendant or his grantors about the maintenance of this dike. Having allowed the dike to exist and be maintained for so many years, plaintiff is estopped from now demanding its removal. See Geneser v. Healy, 124 Iowa 310, 100 N. W. 66, where failure to object to the erection and

maintenance of a grade and culvert-fill that diverted surface water for more than ten years warranted a holding that the owner of the dominant estate consented thereto.

The evidence shows that the defendant lived on his farm for twenty-two years. He bought the farm from his father's estate in 1938. The dike along the north side was there when defendant first moved on the farm. It was there when he bought it. He helped repair it. In other words, he bought the farm with a system of drainage that had, to his knowledge, existed, without any objection, for twenty-two years, which system repelled surface water from the north by the dike and road ditch. He had a right to assume that adjacent landowners acquiesced in its establishment, and an adjacent landowner is now estopped from asserting any right to compel him to remove the dike and accept the flood of surface water from the north.

Our conclusion that the trial court was right in refusing the injunctive relief prayed for renders unnecessary any discussion about the question of damages. The decree of the trial court is affirmed.—Affirmed.

All JUSTICES concur.