David E. KITZINGER,
Plaintiff–Appellant,

v.

WESLEY LUMBER COMPANY, a Corporation, a/k/a Titonka True Value Home Center, Richard T. Kardoes, d/b/a Kardoes Construction Company, Hjelmeland Truss Corporation, and Gang–Nail Export Company, Defendants–Appellees.

WESLEY LUMBER COMPANY, A Corporation, a/k/a Titonka True Value Center, Cross–Claimant,

v.

HJELMELAND TRUSS CORPORATION, Defendant to Cross–Claim.

Richard T. KARDOES, d/b/a Kardoes Construction Company, Cross–Claimant,

v.

HJELMELAND TRUSS CORPORATION, Defendant to Cross–Claim.

No. 87–93.

Court of Appeals of Iowa.

Dec. 17, 1987.

C. Joseph Coleman, Jr., of Mitchell, Coleman, Perkins and Enke, Fort Dodge, for plaintiff-appellant.

Ryan J. Lynch of Lynch, Lynch, Fenchel and Doster, Wesley, for defendant-appellee Wesley Lumber Co.

James M. Stanton of Schuler, Stanton, Grabinski and Sorensen, Clear Lake, for defendant-appellee Hjelmeland Truss Corp.

Stephen G. Kersten of Kersten, Opheim and Carlson, Fort Dodge, for defendant-appellee Gang–Nail Export Co.

Heard by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

Plaintiff, David Kitzinger, appeals the order of the district court granting summary judgment in favor of defendants Wesley Lumber Company, Hjelmeland Truss Corporation, and Gang–Nail Export Company. Kitzinger asserts a material issue of fact existed regarding the application of the relevant statute of limitations. Kitzinger also asserts the district court erred by denying his motion to amend his pleadings to raise issues of negligence and strict liability.

In 1978, Kitzinger contacted defendant Richard Kardoes (d/b/a Kardoes Construction Company) to have a house built in rural Titonka, Iowa. Kardoes served as the general contractor under an oral labor-plus-materials contract with Kitzinger. As part of the construction of this home, trusses for the roof were purchased through Kardoes from Wesley Lumber. Hjelmeland manufactured the trusses and Gang–Nail manufactured a component part of the trusses. By December 1982, the ceiling began separating from the interior walls of the house, cracking the sheetrock and plaster, and leaving gaps between the ceiling and the stud walls. It was later determined this problem was caused by arching of the wooden trusses, which resulted from expansion due to normal weather conditions.

Investigations undertaken by Kardoes, Wesley Lumber, and Hjelmeland indicated the arching should not have occurred, and repairs could solve the problem. Thereafter, the defendants disagreed on which of them, if any, were responsible for providing these repairs. Kitzinger asserts he was given assurances at this time that repairs would be made. He also asserts he received representations the trusses should have lasted for twenty years or longer. He did not, however, receive these alleged representations at, or before, the time he purchased the trusses.

On September 29, 1983, Kitzinger filed suit against Kardoes, Wesley Lumber, and Hjelmeland, alleging breach of express and implied warranties. This petition was amended on January 27, 1984, to add Gang–Nail as a party defendant. Additionally, Kardoes and Wesley Lumber filed cross-claims against Hjelmeland, alleging negligence and breach of express and implied warranties.

After approximately three years of discovery relating to Kitzinger's warranty claims and the warranty and negligence claims of Kardoes and Wesley Lumber, all of the defendants except Kardoes filed a joint motion for summary judgment. The motion, filed on December 8, 1986, asserted Kitzinger's action was not brought within the five-year statute of limitations applicable to a sale of goods. On December 19, 1986, Kitzinger filed a motion to amend his petition to include the theories of negligence and strict liability against all the defendants.

On January 9, 1987, the district court ruled on both of these motions. The court granted the motion for summary judgment and denied Kitzinger's motion to amend his petition. Kitzinger now appeals these rulings.

I. **Summary Judgment.** Kitzinger does not deny the limitation period applicable to his warranty claims against Wesley Lumber, Hjelmeland, and Gang–Nail is the five-year limit provided in Iowa Code section 554.2725(2). He asserts, however, is-

sues of material fact exist regarding whether express warranties as to the expected durability of the trusses were made to him, and whether the limitation period was tolled while the defendants inspected the trusses and suggested repairs.

Unless the warranties received by Kitzinger were explicitly extended to the future performance of the trusses, the limitation period commenced when the trusses were delivered and not when the defects in them were discovered. Iowa Code § 554.2725(2); *City of Carlisle v. Fetzer*, 381 N.W.2d 627, 629 (Iowa 1986).

█ In his affidavit in support of his resistance to the summary judgment motion, Kitzinger stated the defendants told him the arching of the trusses should not have occurred. He also stated a representative of Wesley Lumber told him the trusses should have performed properly for the life of the house. We conclude the trial court was correct in finding these alleged representations did not constitute explicit extensions of the warranties. As such, even if these representations were made, they do not raise issues of material fact regarding express warranties as to the expected durability of the trusses.

█ In the alternative, Kitzinger asserts issues of material fact exist regarding whether the inspections and suggestions of Wesley Lumber, Hjelmeland, and Gang–Nail constituted misrepresentations that they would work with him to solve the problem with the trusses. Kitzinger contends he relied to his detriment on these alleged misrepresentations. He asserts, therefore, those defendants should be estopped from raising the limitation period of Iowa Code section 554.2725(2).

Kitzinger relies primarily on a letter the president of Hjelmeland sent him. The letter, dated February 14, 1983, stated in pertinent part:

I feel that Kardoes Const. did not take the proper precautions for preventing this problem. At the time I checked your attic, I found that the backing on the walls had not been done properly. In the spring when the walls are back to

normal, I will be glad to come up and help you on this.

Such expressions of a willingness to help repair the problem do not constitute representations the party acknowledges its responsibility for the problem and its obligation to provide repairs. In this letter, Hjelmeland expressly places responsibility for the truss arching on Kardoes. Furthermore, Hjelmeland's offer to help provides no indication it accepts any obligation to do so.

Our review of the record leads us to conclude no misrepresentations as to repair were made. The district court was correct, therefore, in concluding there exist no issues of material fact as to this issue.

The motion for summary judgment by Wesley Lumber, Hjelmeland, and Gang–Nail was properly granted, since the five-year limitation period provided in Iowa Code section 554.2725(2) had run prior to the filing of Kitzinger's petition.

█ **II. Motion for Leave to Amend.** Kitzinger asserts the district court erred by denying his motion for leave to amend his pleadings to bring negligence and strict liability claims against the defendants. The relation-back of these amendments would have brought them within the applicable limitations period.

Iowa Rule of Civil Procedure 88 provides leave to amend "shall be freely given when justice so requires." Amendments should be allowed as a general rule and denied only in exceptional cases. *Galbraith v. George*, 217 N.W.2d 598, 601 (Iowa 1974). The timing of the attempt to amend is not the determining factor; rather, the important determination is whether the amendment substantially changes the issues. *Beneficial Finance Co. v. Reed*, 212 N.W. 2d 454, 456 (Iowa 1973). The rationale for the rule disallowing an amendment which substantially changes the issues is that such an amendment would surprise the responding party and thereby prejudice his case. *Cf. Cedar Falls Bldg. Center v. Vietor*, 365 N.W.2d 635, 639 (Iowa App. 1985) (attempt to add contributory negligence as a defense at the close of evidence not allowed since it would surprise the

plaintiff). The decision whether to allow an amendment is lodged in the legal discretion of the trial court, which is to be exercised in the light of all the circumstances in a particular case. *Johnston v. Percy Const., Inc.*, 258 N.W.2d 366, 371 (Iowa 1977).

In this case, the district court determined the amendment would substantially change the issues, since extensive discovery had been made based upon Kitzinger's warranty claims. Placed in the context of whether surprise occurred, resulting in prejudice to the defendants' trial preparations, we cannot agree allowing the amendment would have substantially changed the issues as to Kardoes, Wesley Lumber, and Hjelmeland. All three of these party defendants had either filed or answered cross-claims regarding negligence issues. Moreover, a significant amount of the discovery in this case was applicable to issues of negligence, including discovery related to the construction specifications of the house, the quality of the materials used, the method of construction used, and industry-wide procedures to avoid the problem of truss arching.

Under these circumstances, we conclude it was an abuse of discretion for the trial court to deny Kitzinger's motion for leave to amend as to Kardoes, Wesley Lumber, and Hjelmeland. None of these parties could legitimately claim to be surprised by issues raised by the amendment. It was not an abuse of discretion, however, for the trial court to deny the motion as to Gang–Nail. At no time did Gang–Nail raise or respond to any negligence claims. Gang–Nail could not, therefore, be expected to be prepared to litigate issues other than Kitzinger's earlier warranty claims.

We remand for proceedings consistent with this opinion. Costs of this appeal shall be taxed one-fourth to plaintiff Kitzinger, one-fourth to Kardoes Construction Company, one-fourth to Wesley Lumber Company, and one-fourth to Hjelmeland Truss Corporation.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.