**GRACE HODGSON TRUST, Joe Hodgson, Trustee, and John T. Hodgson, Plaintiffs–Appellees,**

v.

**James McCLANNAHAN and Eileen McClannahan, Defendants–Appellants.**

No. 96–1111.

Court of Appeals of Iowa.

July 30, 1997.

Rene Charles Lapierre of Klass, Hanks, Stoos, Stoik, Mugan, Villone & Phillips, L.L.P., Sioux City, for defendants-appellants.

Peter J. Peters of Peter J. Peters, P.C., Council Bluffs, for plaintiffs-appellees.

Considered by SACKETT, P.J., and HUITINK, J., and HAYDEN, Senior Judge.*

SACKETT, Presiding Judge.

This case concerns the drainage of surface water located on agricultural bottom land near the Missouri River in Harrison County, Iowa. Plaintiffs Grace Hodgson Trust and John Hodgson own 240 acres in the north half of Section 31, Township 80, Range 44.[1] Defendants James McClannahan and Eileen McClannahan own 240 acres in the south half of the same section. An east-west county gravel road with ditches on each side separates the two tracts. Water from the road ditches flows east to a drainage district ditch. The drainage district ditch flows south. The county constructed two tubes running north

and south under the gravel road. In June 1993 there were heavy rains and the drainage district ditch flooded. Water stood on plaintiffs' land.

Plaintiffs filed this action alleging defendants were obstructing the natural flow of surface water and sought a permanent injunction. The district court order permanently enjoined defendants from interfering with the natural flow of surface waters between their farm and plaintiffs' farm.

Defendants on appeal contend the district court erred in (1) denying their motion for leave to amend their answer; (2) granting partial summary judgment in plaintiffs' favor; (3) entering the permanent injunction without adequate cause; and (4) entering an overbroad and vague injunction order. We reverse and remand for new trial.

Defendants first contend the trial court should have allowed them to amend their answer to assert affirmative defenses of waiver or estoppel or prescriptive easement.

A pretrial order was entered on June 29, 1995, which gave the parties ninety days to file amendments to the pleadings. On October 27, 1995, defendants filed a motion to amend their answer to assert affirmative defenses. Plaintiffs did not file a resistance. On December 18, 1995, the district court denied the motion. Defendants filed a motion to reconsider, which was denied after a hearing.

Iowa Rule of Civil Procedure 88 provides:

A party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial calendar, the party may so amend it at any time within twenty days after it is served. Otherwise, a party may amend a pleading only by leave of court or by written consent of the adverse party. Leave to amend, including leave to amend to conform to the proof,

---

* Senior judge from the Iowa Court of Appeals serving on this court by order of the Iowa Supreme Court.

1. The Grace Hodgson Trust owns all but sixteen acres of the 240-acre farm southeast of Mondamin, Iowa. John Hodgson owns the remaining sixteen acres.

shall be freely given when justice so requires.

■ The purpose of the leave-of-court requirement is to give the other side the right to object to amendments which might affect their preparation for trial. *Norwest Bank Marion Nat'l Ass'n v. L T Enter. Inc.*, 387 N.W.2d 359, 365 (Iowa App.1986). The trial court has considerable discretion in allowing amendments. *Whalen v. Connelly*, 545 N.W.2d 284, 293 (Iowa 1996). The trial court will be reversed only when there is a clear abuse of discretion. *Chao v. Waterloo*, 346 N.W.2d 822, 825 (Iowa 1984).

■ Leave to amend shall be freely given when justice so requires. *Medco Behavioral Care Corp. v. Iowa Dep't of Human Servs.*, 553 N.W.2d 556, 563 (Iowa 1996). Amendments are the rule and denials the exception. *In re Marriage of Fields*, 508 N.W.2d 730, 732 (Iowa 1993). Allowing amendments is encouraged and denying permission to amend is discouraged. *Kitzinger v. Wesley Lumber Co.*, 419 N.W.2d 739, 741 (Iowa App. 1987).

■ The trial court abused its discretion in denying the motion. The motion was not resisted by plaintiffs. While not filed within the ninety days established in the pretrial order, it was filed seven months before trial in adequate time to allow plaintiffs to consider the amendment in preparing for trial. The motion conformed to evidence that plaintiffs knew of the existing conditions for ten years and uncontroverted facts that the drainage district ditch and the county road ditches altered the natural water course. We reverse the order denying defendants the right to amend their answer to assert affirmative defenses of waiver or estoppel or prescriptive easement.

Defendants next contend the trial court erred in granting plaintiffs' motion for partial summary judgment.

Trial was continued after the parties agreed to a survey and agreed to be bound by the finding of the surveyor as to the natural flow of water across both parcels of land. Once the survey was completed, plaintiffs filed a motion for partial summary judgment. Plaintiffs' motion claimed, because defendants agreed to be bound by the survey, the only thing to be done was to examine the survey and determine whether the allegations of plaintiffs' petition were correct.

Defendants resisted the motion for partial summary judgment claiming the survey alone failed to establish the allegations of plaintiffs' petition. Defendants also advanced that plaintiffs admitted knowing of the alleged obstruction for over ten years. Defendants submitted four affidavits addressing the facts the June 11–13, 1993 rains caused the drainage district ditch to overtop its bank and prevented it from taking anything from the ditches; natural features of the land have been altered by drainage ditches; and the land owned by plaintiffs drained principally to the east and north as a result of tiling and swales.

The court ruled the survey was binding on the parties and established plaintiffs' land as the dominant estate and defendants' lower land as the servient estate. The court determined the only issues remaining for trial concerned two tubes—one on the east and one on the west. Defendants contend the district court erred in granting plaintiffs' motion for partial summary judgment. Defendants maintain the district court should not have relied only on elevations in determining the dominant and servient estates because the natural flow had been altered by both sides with the knowledge of both sides.

■ The general rule is that the dominant owner is entitled to drain surface water in a natural watercourse from his land over the servient owner's land, and if any damage results, the servient owner is without remedy. *O'Tool v. Hathaway*, 461 N.W.2d 161, 163 (Iowa 1990) (quoting *Rosendahl Levy v. Iowa State Highway Comm'n*, 171 N.W.2d 530, 536 (Iowa 1969)). This rule, however, is subject to qualification. *Id.* If the volume of water is substantially increased or if the manner or method of drainage is substantially changed and actual damage results, the servient owner is entitled to relief. *Id.*

The purpose of a summary judgment is to avoid a trial where no genuine issue of material fact exists. *AMCO Ins. Co. v. Stammer*, 411 N.W.2d 709, 711 (Iowa App.1987). A fact

is material only if the dispute over it might affect the outcome of the suit given applicable governing law. *Junkins v. Branstad*, 421 N.W.2d 130, 132 (Iowa 1988). Even when the facts are not in dispute, summary judgment is not appropriate where reasonable minds could draw different inferences from the facts. *Shaw v. Soo Line R.R.*, 463 N.W.2d 51, 53 (Iowa 1990).

The parties agreed to be bound by the surveyor's determination of the natural flow. In moving for partial summary judgment, plaintiffs presented a survey showing elevations in the two tracts. Defendants' resistance included affidavits that there were manmade obstructions; defendants had the road ditch on their side of the road cleaned but plaintiffs did not clean the ditch on their side; the road ditches are the established drainage; the water on plaintiffs' land in 1993 was the result of the overflow of the drainage district ditch (drainage is no better than the outlet); and the land's natural features were altered by the construction of the drainage ditches and roads.

▪ Rights to an original watercourse may be waived by prescription. *Franklin v. Sedore*, 450 N.W.2d 849, 852 (Iowa 1990); *Fennema v. Menninga*, 236 Iowa 543, 547, 19 N.W.2d 689, 691 (1945). A ditch altering the natural waterway will not be enjoined after it is maintained ten years with express or implied consent. *Id.*

The bare survey does not prove there is no factual dispute. At most, the survey establishes elevation. The survey numbers indicate the difference between the elevation of the two properties at many points is less than one foot, and at some points the elevation of plaintiffs' property is higher and at a smaller number of points defendants' property is higher.

▪ Affidavits in support of defendants' resistance to the motion for partial summary judgment raise factual disputes concerning water flow, the alteration of the land's natural features, and the drainage district ditch and the county road ditches.

We reverse the summary judgment. The district court having relied on the partial summary judgment in entering its decree and injunction, the decree and injunction must be reversed. The case is remanded for a trial.

**REVERSED AND REMANDED FOR NEW TRIAL.**