# IN THE COURT OF APPEALS OF IOWA

No. 13-1449
Filed October 14, 2015

**DARNELL G. DEMERY,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Black Hawk County, George L.

Stigler, Judge.


        Darnell Demery appeals the denial of his application for postconviction

relief. **AFFIRMED.**


        Thomas M. McIntee, Waterloo, for appellant.

        Darnell G. Demery, Fort Madison, appellant pro se.

        Thomas J. Miller, Attorney General, Benjamin Parrott, Assistant Attorney

General, Thomas Ferguson, County Attorney, and Kimberly Griffith, Assistant

County Attorney, for appellee.


        Considered by Danilson, C.J., Vogel, J., and Miller, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MILLER, Senior Judge**

Darnell Demery appeals the denial of his application for postconviction relief (PCR). He contends the district court abused its discretion in denying his motion to amend his application. He also contends his trial and PCR counsel were ineffective. In a pro se brief, Demery also challenges part of his sentence and the court's subject matter jurisdiction.

## I.    BACKGROUND FACTS AND PROCEEDINGS.

In July 2009, Demery rear ended a vehicle and fled the scene. Two drivers followed his vehicle to a restaurant and reported its location to law enforcement. When officers responded to the report and arrived at the restaurant, Demery gave one of the officers his identification.

As the officers were investigating, Demery told his girlfriend he was "hot," which she understood to mean he was in possession of something he wished to hide. Demery began to walk away, leading to one of the officers pursuing him on foot. The officer claims, and a witness corroborates, Demery began firing at the officer, who fired back. The officer saw Demery fall to the ground. Days later, Demery was apprehended while seeking treatment for a gunshot wound. Blood found at the scene matched Demery's DNA profile.

On the night of the shooting, Demery called two friends and told each he had been shot. He also informed one that he had been in a "shootout" with police.

Demery was charged with and convicted of attempt to commit murder, possession or dominion and control of a firearm by a felon, assault on a peace

officer by use or display of a dangerous weapon, going armed with intent, and carrying weapons. This court affirmed his convictions on direct appeal. *State v. Demery*, No. 10-1158, 2011 WL 3925714, at *1 (Iowa Ct. App. Sept. 8, 2011).

On January 10, 2012, Demery filed a pro se PCR application alleging his trial counsel's representation was ineffective. Steven Conroy was appointed Demery's counsel one week after the action was initiated, but Demery alleges Conroy never contacted him or performed any work on his case. In March 2013, Demery filed a pro se request for production of documents, and Conroy failed to appear at the trial setting conference in April 2013. Also in April 2013, Demery filed an amended pro se PCR application that added additional claims of ineffective assistance of trial counsel. Conroy was removed as Demery's attorney in June 2013 after failing to contact court administration as directed in a court order.

John Standafer was appointed to represent Demery after Conroy's removal. On August 19, 2013, one week before the PCR trial was scheduled to be held, Standafer filed a motion for leave to amend the PCR application in order to raise nine new claims. The court denied the motion as well as a motion to continue because the matter had been on file for more than a year and a half and the issues "could have and should have been raised at a much earlier time." At the close of the PCR trial, the court denied Demery's PCR application, noting: "I cannot imagine a stronger case that ever could be put on against anybody than the case that was put on against Mr. Demery."

## II.   MOTION FOR LEAVE TO AMEND AND MOTION TO CONTINUE.

Demery first challenges the denial of his motion for leave to amend the PCR application and motion to continue the PCR trial.  Generally, we review PCR proceedings on error.  *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).  However, we review the denial of a request for a continuance or to amend a pleading for an abuse of discretion.  *See State v. Atzer*, 609 N.W.2d 526, 529 (Iowa 2000) (motion to continue); *Tomka v. Hoechst Celanese Corp.*, 528 N.W.2d 103, 108 (Iowa 1995) (motion to amend).  "An abuse of discretion occurs when the trial court 'exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable.'"  *State v. Greene*, 592 N.W.2d 24, 27 (Iowa 1999) (quoting *State v. Smith*, 522 N.W.2d 591, 593 (Iowa 1994)).

Our rules of civil procedure allow a party to amend a pleading by leave of court or written consent of the adverse party.  Iowa R. Civ. P. 1.402(4).  Leave to amend "shall be freely given when justice so requires."  *Id.*  "Amendments should be allowed as a general rule and denied only in exceptional cases."  *Kitzinger v. Wesley Lumber Co.*, 419 N.W.2d 739, 741 (Iowa 1987).  The timing of the request to amend is not the determinative factor; the determinative factor is whether the amendment substantially changes the issues such that it would surprise and prejudice the responding party.  *Id.*

A motion for leave to amend may also be denied if the movant was negligent in asserting the cause.  *Davis v. Ottumwa Young Men's Christian Ass'n*, 438 N.W.2d 10, 14 (Iowa 1989).  If a party was unaware of a claim or defense, the failure to raise it earlier is not negligent.  *See id.* at 14-15 (holding

party was not negligent in failing to raise issue where new legal interpretation precluded original claim, surprising both parties and effectively denying the plaintiff any viable theory of recovery). Nor should a party be denied the opportunity to amend if the motion is made before the case has been made ready for trial or trial has been scheduled. *See Neylan v. Moser*, 400 N.W.2d 538, 543 (Iowa 1987) (holding plaintiffs were not negligent in seven-month delay in asserting their counterclaim where nothing in the record suggested the case had even been scheduled for trial when the motion to amend was filed). But where a party is aware of a claim and waits to move for leave to amend until just before trial, the court's denial of the motion is not an abuse of discretion. *See Glenn v. Carlstrom*, 556 N.W.2d 800, 804 (Iowa 1996) (affirming denial of motion brought day before deadline to amend pleadings under scheduling order where record indicated plaintiff knew of the claims more than a year earlier); *see also Allison-Kesley Ag Ctr., Inc. v. Hildebrand*, 485 N.W.2d 841, 846 (Iowa 1992) ("[W]hen the movant seeks to amend based upon trial testimony that the movant knew or should have known about beforehand, amendments that might well have otherwise been allowed earlier in the course of the proceedings may properly be denied by the district court judge.").

The denial of Demery's motion to amend was within the court's discretion. Standafer filed the motion to amend because he was urged to by Demery—not because the claims had merit. The motion for leave to amend sought to add nine new claims of ineffective assistance of counsel and was filed only one week

before trial was scheduled to begin. These claims were known to Demery well in advance of trial and could have been brought earlier.[1] We affirm on this issue.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL.

Demery contends his trial and PCR counsel were ineffective in several respects. We review claims of ineffective assistance of counsel de novo. *State v. Williams*, 574 N.W.2d 293, 300 (Iowa 1998). "To prove ineffective assistance of counsel, the appellant must show that (1) counsel failed to perform an essential duty, and (2) prejudice resulted." *State v. Lane*, 726 N.W.2d 371, 393 (Iowa 2007). There is a presumption the attorney acted competently, and prejudice will not be found unless there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Hopkins*, 576 N.W.2d 374, 378 (Iowa 1998).

Demery argues his trial counsel was ineffective in three respects: in failing to conduct depositions, in failing to secure a ballistics expert, and in failing to withdraw due to medical issues. Only one of these issues—trial counsel's failure to conduct depositions—was considered by the PCR court. Because the other two claims of ineffective assistance of trial counsel were not raised before and passed upon by the PCR court, we will not consider them for the first time on appeal. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). Although ineffective assistance of PCR counsel constitutes a sufficient reason for failing to

---

[1] Although Demery asserts Conroy failed to timely amend the petition, the evidence shows Demery was able and willing to file pro se pleadings when necessary. His initial PCR application and a request for production of documents filed months earlier were submitted pro se. Most importantly, Demery had filed a pro se amended PCR application in April 2013.

raise an issue of trial counsel's ineffective assistance in the PCR action, *see State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules."), Demery does not raise this claim in an ineffective-assistance-of-PCR-counsel context.[2]

With regard to the one claim of ineffective assistance of trial counsel properly before us, we conclude Demery has failed to show his trial counsel was ineffective in failing to conduct depositions because he is unable to show how conducting depositions would have changed the outcome of his trial. *See Ledezma*, 626 N.W.2d at 141 ("If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently."). As the PCR court noted, the evidence of Demery's guilt "is simply overwhelming." *See State v. Bayles*, 551 N.W.2d 600, 610 (Iowa 1996) (holding no prejudice could result from counsel's alleged deficient performance as the evidence of defendant's guilt was overwhelming). Demery is unable to articulate how conducting depositions would have overcome the evidence against him.

For the same reason, his claims of ineffective assistance of PCR counsel fail. We need not determine whether Standafer failed to perform an essential duty by agreeing to the trial date and failing to file the motions to amend and continue earlier, just as it does not matter that the State concedes Conroy failed to perform the essential duties of consulting with Demery, investigating possible defenses, amending his PCR application, and attending court hearings; the

---

[2] Even assuming Demery is claiming PCR counsel was ineffective in failing to raise these issues, his claim must fail based on the analysis that follows.

overwhelming evidence of Demery's guilt overshadows any deficient or allegedly deficient performance by PCR counsel. Concisely stated, no matter how well PCR counsel had performed their duties, the outcome would not have been different. Therefore, we affirm on Demery's claims of ineffective assistance of trial and PCR counsel.

## IV. ILLEGAL SENTENCE.

In his pro se brief, Demery alleges he received an illegal sentence because he was fined as part of his sentence. He notes Iowa Code section 902.9(2) (2009) does not provide a fine for class "B" felonies.

Although Demery was convicted of a class "B" felony, he was also convicted of four other crimes, which are punishable by fines. The sentencing order specifies that Demery was fined $750 on his conviction for possession or dominion and control of a firearm by a felon, which is a class "D" felony. *See* Iowa Code § 724.26. He was also fined $625 on his conviction of carrying weapons, which an aggravated misdemeanor. *See id.* § 724.4(1). Fines may be assessed on both convictions. *See* Iowa Code §§ 902.9(1) (providing a class "D" felon "shall be sentenced to a fine of at least seven hundred fifty dollars but not more than seven thousand five hundred dollars"), 903.1(2) (providing a person convicted of an aggravated misdemeanor shall be fined "at least six hundred twenty-five dollars but not to exceed six thousand two hundred fifty dollars"). Demery's sentence is not illegal and is affirmed.

**V.      JURISDICTION.**

Finally, Demery alleges the court lacked subject matter jurisdiction. Although this claim was not previously raised, a challenge to the court's subject matter jurisdiction may be raised at any time.  *State v. Mandicino*, 509 N.W.2d 481, 482 (Iowa 1993).  However, Demery's claim relates to alleged deficiencies in the trial information.  Even assuming the trial information was deficient, it did not deprive the court of subject matter jurisdiction over Demery's case but rather impacted the court's authority to hear the case.  *See id.* (noting subject matter jurisdiction refers to the court's power to "hear and determine cases of the general class to which the proceedings in question belong," whereas authority impacts the court's ability to hear a particular case it has subject matter jurisdiction over).  A challenge to the court's authority is waived if not raised in a timely objection before the trial court.  *Id.* at 483.  Because Demery raises this claim for the first time in this appeal, error is not preserved.  We affirm on this issue.

**AFFIRMED.**