# IN THE COURT OF APPEALS OF IOWA

No. 23-0133
Filed November 8, 2023

**RANDALL ANDERSON, JR., and KATIE ANDERSON,**
Plaintiffs-Appellees,

**vs.**

**RANDALL ANDERSON and REBECCA ANDERSON,**
Defendants-Appellants.
_____

Appeal from the Iowa District Court for Cass County, Amy Zacharias, Judge.

Randall and Rebecca Anderson appeal the grant of summary judgment in favor of Randall Anderson Jr. and Katie Anderson on their claim of unjust enrichment. **REVERSED AND REMANDED WITH INSTRUCTIONS.**

Blake C. Miller of Crary, Huff, Ringgenberg, Hartnett & Storm, P.C., Sioux City, for appellants.

Jonathan Mailander of Mailander Law Office, Atlantic, for appellees.

Considered by Greer, P.J., and Schumacher and Badding, JJ.

**GREER, Presiding Judge.**

After coming out on the losing end of dueling motions for summary judgment, some members of this family ask that we sort out their feud over the building of a race shed.[1]  Randall Anderson Sr. and Rebecca Anderson (the Parents) appeal the grant of summary judgment in favor of their son and his wife, Randall Anderson Jr. (Randy) and Katie Anderson on their unjust enrichment claim and, following an evidentiary hearing on the appropriate amount of damages, entry of judgment for $84,000.  The Parents argue that the five-year statute of limitations in Iowa Code section 614.1(4) (2021) precluded Randy and Katie's unjust enrichment claim.  Alternatively, the Parents argue that if the claim is not time-barred, then summary judgment against them was inappropriate, adoption of opinion testimony by an appraiser about the race shed's value was in error, and the district court should have considered their affirmative defense of unjust enrichment instead of denying their motion to amend to add the defense.  While we would like to resolve their issues, we cannot do so on the record developed.  So, we reverse and remand for further proceedings as instructed below.

**I. Issues with the Prior Proceedings.**

We start at the end.  The district court determined that the statute of limitations did not bar Randy and Katie's claim for unjust enrichment damages and the court proceeded to a determination of damages.  Procedurally, this case started when Randy and Katie brought seven claims against the Parents generally premised on the fact that Randy and Katie paid for a race shed to be built on land

---

[1] The parties call the building a race shed because it was used to store race cars and for other racing endeavors involving Randy and his friends.

owned by the Parents, which Randy and Katie alleged the Parents promised to give them but on which the Parents had not followed through. The Parents raised the statute-of-limitations defense in a motion for summary judgment in February 2022, asserting all claims brought were time-barred and that the undisputed facts did not support an unjust enrichment claim. At the same time, Randy and Katie moved for summary judgment in part, asserting that as to their claim for unjust enrichment, there was no issue of genuine material fact and they were entitled to judgment in their favor as a matter of law. After an unreported hearing held in March 2022, the court granted the Parents' motion for summary judgment on six of seven of Randy and Katie's claims, dismissing all but the claim for unjust enrichment. Randy and Katie have not appealed that ruling. But for some reason we are not privy to, the district court's summary judgment ruling is silent on the statute-of-limitations question developed in the summary judgment record. And, the Parents did not file a motion to reconsider or enlarge to direct the district court back to that specific issue for a ruling.

Before trial and within the deadline for amending pleadings, the Parents moved for leave to amend their answer to add other claims, including an affirmative defense that "[Randy and Katie] would be unjustly enriched if awarded the relief sought." While only mentioning an issue over a counterclaim involving criminal charges filed after commencement of the lawsuit, the district court generally denied the Parents' motion to amend. Following the direction from the summary judgment ruling "that the parties submit further evidence of the value of the shed," the district court set an October 2022 trial date. And as we view the record of that October trial, it appears that the district court defined the issues to consider as:

> THE COURT: We are here this morning for a final hearing based upon a lawsuit that was filed back in, I believe, April of 2021. We have had several hearings and different things happen in this case. Ultimately I believe the issue from [Randy and Katie's] perspective that remains after summary judgment was filed is the value of the building that was put up on the property under the unjust enrichment claim. Is that your understanding also, [plaintiffs' attorney]?
>
> PLAINTIFFS' ATTORNEY: Yes, Your Honor.
>
> THE COURT: And [defendants' attorney]?
>
> DEFENDANTS' ATTORNEY: Yes, Your Honor.
>
> THE COURT: And I believe there are some counterclaims that the defendants filed. I have trespass, private nuisance, and the intentional interference with a prospect business advantage; is that right, [defendants' attorney]?
>
> DEFENDANTS' ATTORNEY: Yes, Your Honor.
>
> THE COURT: And that's your understanding?
>
> DEFENDANTS' ATTORNEY: Yes, Your Honor.

Nothing was said about addressing the statute-of-limitations defense in the set up to the trial, although the Parents again raised the issue in their trial brief. The parties presented evidence at the reported October trial and, in January 2023, the district court entered a final ruling and judgment against the Parents. Tackling the task at trial the district court noted: "[t]he issue of value and the [Parents'] counterclaims[2] were addressed at the trial on October 26, 2022." Yet, within this same ruling, the district court addressed the Parents' statute-of-limitations defense that previously was raised and developed in the summary judgment filings. Further, the district court denied each of the Parents' counterclaims, but also found the Parents waived their unjust enrichment affirmative defense because "it was not raised in their . . . pleadings."

---

[2] The Parents counterclaimed under theories of trespass, private nuisance, intentional interference with professional business advantage, and unjust enrichment—all counterclaims were denied in the January 2023 ruling.

The October trial was reported, and the evidence focused around the valuation of the building appraisal performed by a third-party appraiser, Fred Wohlenhaus, who testified and offered a written report setting out the value of the race shed as $84,182. Randy also testified, as did both of the Parents. Some of the testimony went towards counterclaims and affirmative defenses raised by the Parents, but there was also testimony about when the race shed was built. At the close of Randy's case, the Parents moved for a directed verdict and argued the unjust enrichment claim was barred by the applicable five-year statute of limitations. *See Dolezal v. City of Cedar Rapids*, 326 N.W.2d 355, 360 (Iowa 1982) (finding that unjust enrichment claims fall under the five-year statute of limitations). In the January ruling, for the first time, the district court ruled on the Parents' statute-of-limitations question. Citing *Sanford v. Luce*, the district court determined that because the building construction was ongoing through 2020 and because the statute of limitations did not accrue until the building was completed, the unjust enrichment claim was not time-barred. 60 N.W.2d 885, 886 (Iowa 1953) (finding when the defendant agreed to pay upon completion of the construction, the cause of action would accrue upon completion of plaintiff's performance of his part of the agreement); *Foley v. City of Cedar Rapids*, 110 N.W. 158, 160–61 (Iowa 1907).

The Parents appealed. But as we review the statute-of-limitations question on appeal, we are limited to the record made at the trial as the district court did not rule on the statute of limitations question at the summary judgment stage. We consider the lack of a ruling at the summary judgment stage an implicit denial of the issue for purposes of our review. *See, e.g.*, *Sandbulte v. Farm Bureau Mut. Ins. Co.*, 343 N.W.2d 457, 465 (Iowa 1984) (considering plaintiffs' motion for

summary judgment on a count as being "implicitly denied by the trial court's entry of summary judgment for defendants"), *overruled on other grounds by Langwith v. Am. Nat'l Gen. Ins. Co.*, 793 N.W.2d 215, 221–23 (Iowa 2010).  And once we move past the summary judgment stage, "the previous denial of a motion for summary judgment merges with the subsequent trial on the merits when the trier of fact has fully reviewed the exhibits and listened to the testimony of the witnesses."  *In re Marriage of Johnson*, 781 N.W.2d 553, 555–56 (Iowa 2010).  After the Parents again raised the issue by moving for directed verdict at trial, a ruling on the issue followed.

> When the district court denies a party's motion for summary judgment and the party appeals the final verdict, we review the issues raised in the unsuccessful motion for summary judgment based on the record made during trial and on the motion for directed verdict to determine if the district court committed error.

*Jones v. Glenwood Golf Corp.*, 956 N.W.2d 138, 143 (Iowa 2021) (citation omitted).  So, we review the question as a ruling on a motion for directed verdict.

Here, there was an extensive record made at the summary judgment level over the statute-of-limitations question and an extremely limited record made at trial on the same question.  And now because we have that issue front and center, our problem is that we find that the parties and court focused on the wrong legal standard for the start of the accrual of the statute of limitations—which brings us to this question: *when* did the time accrue?  *See Shams v. Hassan*, 905 N.W.2d 158, 164 (Iowa 2017) ("The key question is when those causes of action [under section 614.1(4)] 'accrue.'"); *Sandbulte*, 343 N.W.2d at 462 (Iowa 1984) ("Actual application of the appropriate statutory period to a particular case requires the determination of when the claim accrued.").

Unlike the district court, we conclude as a matter of law that the completion of the work is not the starting point for the timing of the statute of limitations in this case. Randy was never promised payment for construction of the race shed, so his completion of the work is irrelevant to the start date for accrual of the statute of limitations. Rather, the starting date of Randy's inquiry notice is the time he was promised a deed. Under our cases, the statute of limitations begins to run when a plaintiff first becomes aware of facts that would prompt a reasonably prudent person to begin seeking information as to the problem and its cause. *Franzen v. Deere & Co.*, 377 N.W.2d 660, 662 (Iowa 1985). "The period of limitations is the outer time limit for making the investigation and bringing the action. The period begins at the time the person is on inquiry notice." *Id.* Both parties agree that "[g]enerally, a claim accrues when 'the wrongful act produces injury to the claimant.'" *K & W Elec., Inc. v. State*, 712 N.W.2d 107, 116 (Iowa 2006) (citation omitted); *see also Sandbulte*, 343 N.W.2d at 462 ("Such a right exists when 'events have developed to a point where the injured party is entitled to a legal remedy.'" (citation omitted)).

Randy and Katie alleged in their petition that based on the Parents' "'promises' [that they would deed the real estate to Randy and Katie] and due to the family relationship, [Randy and Katie] began construction on a [ten foot] x [eighty foot] shop *before the property was legally transferred* into [Randy and Katie's] name" and that "[s]ince 2015, [the Parents] have repeatedly told [Randy and Katie] that they would sign a deed." (Emphasis added.) Such language seems to imply that Randy and Katie expected the Parents to deed the property to them at a set time. And we know Randy testified at trial he began building in 2014. But,

we need more information to deal with the question of when the deed was to be presented than what was developed at trial.

More specifically, we are without the factual details over when the property was to be deeded to Randy and Katie or if they had enough information during the five years after the alleged promise was made to put them on notice that they should investigate their right for relief. *See Buechel v. Five Star Quality Care, Inc.*, 745 N.W.2d 732, 736 (Iowa 2008) ("Once a person is aware that a problem exists, the person has a duty to investigate . . . ."). And to finish our work, we are without the benefit of the district court's analysis and the parties' development of those specific facts important to the question related to the proper accrual time for the tolling of the statute of limitations. *See Rathje v. Mercy Hosp.*, 745 N.W.2d 443, 463 (Iowa 2008) (reversing and remanding a medical malpractice claim to address an appropriate standard for statute of limitations over a dispute about discovery of a claimed medical harm). When an incorrect legal standard is employed, the most efficient solution is to remand for a determination targeted to the correct standard. *See Papillon v. Jones*, 892 N.W.2d 763, 773 (Iowa 2017) ("'Although an omitted ruling on an issue of law may sometimes be cured by this court's ruling on that issue, . . . this is not possible with respect to an omitted finding of fact in a law-tried case." (citation omitted)).

That all being said, this is not the only question we have. At this stage we are faced with a district court decision on summary judgment granting Randy and Katie's unjust enrichment claim and a determination after trial that a five-year statute of limitation period applied but did not bar the claim. It may be that the accrual date from when the deed was to be delivered to the date suit was filed

exceeds the five-year period applicable to the statute of limitations under an unjust enrichment claim and Randy and Katie's claims are dismissed. We just don't know. And, trouble is, as the Parents point out, the district court reached those conclusions about the Parents' liability on summary judgment after applying the elements of promissory estoppel and characterizing the arrangement between the family as a "promise to gift." Yet, no one pled promissory estoppel. *See Hanson v. Lassek,* 154 N.W.2d 871, 873 (Iowa 1967) (noting the function of a pleading is "to put the other party on notice of what the pleader intends to prove at trial [a]nd to define the issues. . . . any relief granted must be consistent with the case made by the pleading" (citation omitted)). So we turn to what was pled. If we review the claim under an unjust enrichment theory, we would apply these three elements: (1) the recipient was enriched by the receipt of the benefit; (2) the enrichment was at the expense of the provider; and (3) it is unjust to allow the recipient to retain the benefit under the circumstances. *See State v. Unisys Corp.*, 637 N.W.2d 142, 154-55 (Iowa 2001). Here, that was not done; so the questions we are left with if the elements are correctly applied are: (1) is there still liability and (2) does the statute of limitations bar the claim?

And there is yet one more issue to address because the Parents contest the district court ruling disallowing consideration of their unjust enrichment affirmative defense. We agree with their position. We review the denial of a motion for leave to amend for abuse of discretion. *See Porter v. Good Eavespouting*, 505 N.W.2d 178, 180 (Iowa 1993). But here, as to the unjust enrichment affirmative defense, the Parents timely moved to amend their answer to add that defense, Randy and Katie did not resist the motion as to that defense, and the district court

mistakenly found it had not been raised in any pleading. *See* Iowa R. Civ. P. 1.402(4) ("Leave to amend, including leave to amend to conform to the proof, shall be freely given when justice so requires."). Likewise, allowing amendments is the rule, rather than the exception especially if doing so will not substantially change the issues before the court. *See Grace Hodgson Trust v. McClannahan*, 569 N.W.2d 397, 399 (Iowa Ct. App. 1997). If Randy and Katie's claims survive the review on remand, the Parents' unjust enrichment affirmative defense should be considered on the question of any damages owed to Randy and Katie.

So, we reverse the district court's entry of summary judgment on the Parents' liability on Randy and Katie's claim for unjust enrichment and its refusal to consider the Parents' affirmative defense of unjust enrichment. We remand for further proceedings to address if there is liability against the Parents under the elements of unjust enrichment. If yes, the district court should answer the question over the statute of limitations date of accrual and determine when Randy and Katie first had notice that would prompt a reasonably prudent person to investigate their right to relief. *See Caruso v. Apts. Downtown, Inc.*, 880 N.W.2d 465, 475 (Iowa 2016) (remanding to apply the correct standard of law). Answers to those questions will guide whether the Parents' unjust enrichment affirmative defense is considered.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**